**BAKER & DANIELS, LLP and Kennard Weaver, Appellants–Defendants,**

v.

**COACHMEN INDUSTRIES, INC. and Georgie Boy Manufacturing, LLC, Appellees–Plaintiffs.**

No. 71A03–0907–CV–339.

Court of Appeals of Indiana.

March 5, 2010.

Publication Ordered March 24, 2010.

David T. Kasper, Maggie L. Smith, Frost Brown Todd LLC, Indianapolis, IN, Attorneys for Appellants.

Robert J. Palmer, May Oberfell Lorber, Mishawaka, IN, Attorney for Appellees.

## OPINION

BRADFORD, Judge.

Appellants–Defendants, Baker & Daniels and Kennard Weaver (collectively, "Baker & Daniels"), appeal the St. Joseph Circuit Court's reinstatement of an action brought against them by Appellees–Plaintiffs Coachmen Industries and Georgie Boy Manufacturing (collectively, "Coachmen") which the court had previously dismissed with prejudice pursuant to Indiana Trial Rule 41(E). Upon appeal, Baker & Daniels argues that reinstatement of the action fails to comply with the requirements of Indiana Trial Rule 60(B)(8). We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1985, certain plaintiffs (Robichaux, et al.) sued Georgie Boy, an RV manufacturer later acquired by Coachmen, alleging that a gas tank fell from the chassis of one of Georgie Boy's RVs, causing the RV to catch fire and kill and injure its occupants. During the pendency of this litigation, chassis manufacturer Chrysler Corporation alleged that the fire was caused by Georgie Boy's act of modifying the chassis by moving the gas tank. In a 1986 letter to Georgie Boy, Chrysler recommended that it notify the owners of its other similarly modified RVs. Georgie Boy did not contact any of these owners of other similarly modified RVs. According to Georgie Boy, its decision not to contact these owners or perform a recall was based upon advice from Baker & Daniels attorney Kennard Weaver, who served as general counsel for Georgie Boy. Georgie Boy contends that Weaver did not disclose the existence of the Chrysler letter recommending such notification.

Coachmen acquired Georgie Boy as a subsidiary in 1995, during which Georgie Boy was represented by Baker & Daniels. Following this acquisition, Baker & Daniels continued to represent Georgie Boy. According to Coachmen, Weaver did not disclose the details of the Robichaux litigation to Coachmen at anytime during the acquisition negotiations, nor did he reveal the existence of the Chrysler letter.

In July 1997, plaintiff Joyce Haan sued Coachmen in Florida following an accident in which her Georgie Boy RV caught fire as an alleged result of the detachment of its gas tank. According to Coachmen, Weaver initially served as defense counsel in this action. At the time, Coachmen was insured by Royal Surplus Lines Insurance Company ("Royal Insurance"). Prior to a mediation conference in the *Haan* case, Royal Insurance was apparently unaware of the 1986 letter relating to the Robichaux litigation. At the close of mediation proceedings, Haan demanded $2 million, which Royal Insurance initially rejected. Thereafter, Royal Insurance learned of the 1986 letter. Royal Insurance ultimately settled with Haan for $9.875 million.

In anticipation of a potential lawsuit by Royal Insurance, and in possible preparation for a claim against Baker & Daniels, Coachmen entered into a Tolling Agreement with Baker & Daniels on October 3, 2000. This agreement provided that statutes of limitations and time-related defenses would be extended for a period of ninety days. This agreement was apparently extended on various occasions and reinstated on October 10, 2001. The termination date was subsequently extended to March 31, 2003.

In approximately 2001, Royal Insurance sued Coachmen in a Florida federal court, alleging that Coachmen had intentionally withheld certain damaging information regarding the Robichaux litigation, forcing Royal Insurance to settle the *Haan* case for a greater amount than it would have had it been aware of the Robichaux information.

In December 2002, Coachmen responded by filing a third-party complaint in Florida federal court against Baker & Daniels and Weaver for all liability sustained as a result of Royal Insurance's suit. Coachmen alleged that Baker & Daniels and Weaver intentionally withheld information relating to the Robichaux litigation, including the 1986 letter, which would have been necessary to Coachmen's defense in the *Haan* case. In addition, Coachmen alleged that a conflict existed which, without waiver, would have prevented Baker & Daniels from participating in the *Haan* case. The complaint alleged claims of legal malpractice, breach of fiduciary duties, indemnity, contribution, and negligent and intentional misrepresentation. On March 20, 2003, Baker & Daniels moved to dismiss this complaint for lack of personal jurisdiction and improper venue.

On March 31, 2003, the final day of the Tolling Agreement, Coachmen filed another suit in St. Joseph Circuit Court against Baker & Daniels and Weaver. This suit was substantially the same as Coachmen's third-party complaint in Florida and alleged claims of legal malpractice, breach of fiduciary duties, indemnity, contribution, and negligent and intentional misrepresentation. Attorney David Kasper, who represented Baker & Daniels in this action, determined that it did not make sense for the parties to litigate the same claims in different forums and suggested that they reach an agreement to defer activity in the

Indiana action until the jurisdictional issues in the Florida action had been resolved. In a May 23, 2003 Standstill Agreement, the parties agreed that they would "defer activities in the Indiana lawsuit" and that Baker & Daniels had no obligation to move or plead in response to Coachmen's Indiana complaint until such time as the Agreement was terminated. The Agreement was to remain effective until thirty days following either party's written notice to the other of intent to terminate the Agreement. Neither party sent the other party notice of intent to terminate the Agreement. The parties did not file the Agreement with the St. Joseph Circuit Court.

In October 2003, Baker & Daniels withdrew its motion to dismiss Coachmen's third-party complaint in Florida and consented to personal jurisdiction and venue. The litigation proceeded in Florida. On February 3, 2005, the Florida district court found in favor of Coachmen and against Royal Insurance on all of Royal Insurance's claims. Royal Insurance appealed this judgment.

Neither party took further action on the lawsuit pending in St. Joseph Circuit Court and subject to the Standstill Agreement. On March 17, 2006, approximately three years after the action was filed, the St. Joseph Circuit Court sent the parties an order to show cause as to any reason the action should not be dismissed for failure to prosecute pursuant to Indiana Trial Rule 41(E). Counsel for Baker & Daniels received the order but did not contact counsel for Coachmen, nor did he respond to the order or apprise the court of the existence of the Standstill Agreement. Counsel for Coachmen, who the trial court later found did not receive the order, did not respond.[1] On April 17,

---

1. Apparently, Coachmen's counsel's law firm

changed addresses in approximately August

2006, the case was dismissed with prejudice.

On June 19, 2006, the Eleventh Circuit affirmed the Florida district court's judgment against Royal Insurance.[2] On June 1, 2007, the federal district court dismissed Coachmen's third-party complaint against Baker & Daniels. Coachmen did not appeal this dismissal.

■ On June 19, 2007,[3] Coachmen filed a third lawsuit against Baker & Daniels, this time in Florida state court, alleging substantially the same claims as in the then-dismissed St. Joseph Circuit Court action.[4] In April of 2008, Baker & Daniels moved for summary judgment in the Florida state court action based in part upon *res judicata* grounds given the dismissal—with prejudice—of the St. Joseph Circuit Court action.[5] According to the parties, the Florida court reserved ruling on the *res judicata* effect of the St. Joseph Circuit Court dismissal but denied summary judgment on all other grounds. This Florida action is currently pending.

It was only upon receiving the summary judgment motion by Baker & Daniels in April of 2008 that counsel for Coachmen first learned of the dismissal of the St. Joseph Circuit Court action two years prior. On September 18, 2008, Coachmen sent subpoenas duces tecum to Kasper and others seeking to schedule depositions relating to the dismissal of the Indiana action. In a letter dated September 26, 2008, counsel for Coachmen requested information from the St. Joseph Circuit Court relating to this dismissal. The St. Joseph Circuit Court clerk sent the requested documents on October 9, 2008.

On November 10 and 14, 2008, Coachmen filed motions to extend the deadline, for relief from judgment, and to reinstate the St. Joseph Circuit Court action. On June 22, 2009, the trial court held a hearing, during which counsel for Coachmen indicated that he had moved to a new address, informed the court of this change, and forwarded his mail, but somehow he had not received notice of either the motion and order to show cause, nor the subsequent order dismissing the St. Joseph Circuit Court action. Given this evidence, which the trial court found credible, the existence of the Standstill Agreement, and what the trial court found were a meritorious claim and good cause for relief, the trial court concluded as a matter of equity that Coachmen was entitled to reinstatement of the St. Joseph Circuit Court action pursuant to Indiana Trial Rule 60(B)(8). This appeal follows.

2005. The law firm sent notice of its change of address to the St. Joseph Court clerks and judges, but it did not file changes of address in individual matters pending before the courts.

2. *See Royal Surplus Ins. Co. v. Coachman Indus. Inc.*, 184 Fed.Appx. 894 (11th Cir. 2006).

3. Baker & Daniels claims that this Florida state action was filed on July 26, 2007. (Appellant's Br. p. 9) The file stamp on the claim appears to be June 19, 2007.

4. On October 10, 2006, Coachmen also brought a separate malicious prosecution action against Royal Insurance in Florida state court. In its June 22, 2009 answer filed following reinstatement of this action, Baker & Daniels asserted a right to set off any recovery received by Coachmen in that case against any potential verdict against it in the instant case.

5. For purposes of Indiana law, a dismissal with prejudice constitutes a dismissal on the merits and is therefore conclusive of the rights of the parties and *res judicata* as to the questions that might have been litigated. *Mounts v. Evansville Redevelopment Comm'n*, 831 N.E.2d 784, 791 (Ind.Ct.App.2005), *trans. denied.*

## DISCUSSION AND DECISION

Upon appeal, Baker & Daniels claims that the trial court abused its discretion in reinstating the St. Joseph Circuit Court action. In making this claim, Baker & Daniels argues that the action was dismissed due to attorney neglect and that, pursuant to Indiana Trial Rule 60(B)(1), reinstatement following dismissal on this ground is prohibited after one year has passed; that no "exceptional circumstances" justified reinstatement; that Coachmen failed to establish the necessary element that its claim was meritorious; and that, in light of the "significant interest" in finality for this litigation, Coachmen cannot demonstrate that dismissal amounts to an injustice.

### I. Standard of Review

■ A trial court's decision to reinstate a case pursuant to Trial Rule 41(F) is reviewed for an abuse of discretion, which occurs only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Natare Corp. v. Cardinal Accounts, Inc.,* 874 N.E.2d 1055, 1058 (Ind.Ct.App.2007). When, as here, a case has been dismissed with prejudice pursuant to Trial Rule 41(E), " 'Trial Rule 41(F) limits the ability of a trial court to grant reinstatement' of the complaint." *Id.* (quoting *Brimhall v. Brewster (Brimhall I ),* 835 N.E.2d 593, 596 (Ind.Ct.App.2005)). Specifically, Rule 41(F) provides that " '[a] dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).' " *Id.* (quoting Ind. T.R. 41(F)).

### II. Applicability of Trial Rule 60(B)

■ In seeking relief from the Rule 41(E) dismissal, Coachmen filed a Motion to Reinstate Cause seeking relief pursuant to Indiana Trial Rules 60(B) and 72(E).

In this motion, Coachmen sought an extension of time pursuant to Rule 72(E) and, in the alternative, relief from judgment pursuant to Rule 60(B). Following a hearing on the motion, the trial court granted relief by reinstating the action pursuant to Rule 60(B)(8).

In challenging the trial court's judgment, Baker & Daniels claims certain elements of Rule 60(B) were not met to justify reinstatement. Coachmen responds by claiming that Rule 60(B) is largely inapplicable, and that Rule 72(E) governs the instant case.

Rule 72(E) provides as follows:

**Effect of Lack of Notice.** Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, *may grant an extension of any time limitation within which to contest such ruling, order or judgment* to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

(Emphasis supplied). The Indiana Supreme Court has discussed Rule 72(E) and distinguished it from Rule 60 by stating that Rule 72(E) is the only avenue for relief when a party requests an extension of time to contest a judgment due to the clerk's alleged lack of notice regarding that judgment. *See Collins v. Covenant*

*Mut. Ins. Co.,* 644 N.E.2d 116, 116–18 (Ind.1994). Coachmen suggests that Rule 72(E) is therefore the only avenue for relief in the instant case because the clerk failed to send, or indicate in the CCS that it had sent, the applicable notice.

If Coachmen had merely requested, and the trial court merely granted, a Rule 72(E) extension of time for Coachmen to contest the judgment of dismissal, this may be so. But Coachmen also requested, and the trial court granted, substantive relief in the form of Rule 41(F) reinstatement of the action. Under Rule 41(F), such reinstatement necessarily occurs pursuant to Trial Rule 60(B).[6] Accordingly, we reject Coachmen's contention that Rule 72(E), rather than Rule 60(B), is applicable, and we will consider Baker & Daniels's challenges relating to the merits of reinstatement pursuant to Rule 60(B).

### III. Indiana Trial Rule 60(B)(6)

■■■ Coachmen also argues, pursuant to Indiana Trial Rule 60(B)(6), that it was entitled to relief from judgment on the grounds that the judgment was void. A judgment is void if it is rendered without due process. *See Stidham v. Whelchel,* 698 N.E.2d 1152, 1154 (Ind.1998). Due process requires notice of certain proceedings after the initiation of a lawsuit. *Moore v. Terre Haute 1st Nat'l Bank,* 582 N.E.2d 474, 478 (Ind.Ct.App.1991).

■■■ Coachmen claims that its lack of notice regarding either the Trial Rule 41(E) hearing or dismissal and the trial court's failure to note service of such action in the chronological case summary demonstrates that the dismissal was a void judgment.[7] Trial Rule 41(E) provides, in pertinent part, as follows:

> **Failure to prosecute civil actions or comply with rules.** Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion *shall order a hearing* for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause *at or before such hearing.*

(Emphasis supplied). The Supreme Court has emphasized the importance of this Rule 41(E) hearing requirement, and judgments of dismissal entered without such a hearing are subject to reversal. *See Rumfelt v. Himes,* 438 N.E.2d 980, 983–84 (Ind. 1982) (reversing judgment of Rule 41(E) dismissal and remanding for a hearing). Here, although the trial court set a hearing date prior to dismissal of the action, neither party responded, and the trial court dismissed the action, apparently without a hearing. This may have been a procedural flaw.[8]

---

**6.** Rule 41(F) plainly states that reinstatement of claims dismissed with prejudice must be in accordance with Rule 60(B). Therefore, we similarly reject Coachmen's contention, based upon *In re Sale of Real Property with Delinquent Taxes or Special Assessments,* 822 N.E.2d 1063, 1069 (Ind.Ct.App.2005), *trans. denied,* that its Motion to Reinstate Cause was essentially a Rule 72(A) motion for extension of time and a motion to correct error. Not insignificantly, *Sale of Real Property* did not involve a motion for reinstatement following a Rule 41(D) dismissal of the action. Indeed, *Sale of Real Property* acknowledges that motions for reinstatement are addressed pursu-

ant to Rule 60(B). *Id.* at 1069 n. 2 (citing *Ind. Ins. Co. v. Ins. Co. of N. Am.,* 734 N.E.2d 276, 277–81 (Ind.Ct.App.2000)).

**7.** Indiana Trial Rule 60(B)(6) does not require a party seeking relief from judgment to allege a meritorious claim or defense. This distinguishes Trial Rule 60(B)(6) from Trial Rule 60(B)(8).

**8.** Although the plain language of Rule 41(E) requires that the trial court *order* a hearing, which the trial court did in this case, the majority decision in *Rumfelt* interprets this language to require the trial court to hold a

Nevertheless, in order to establish that the dismissal judgment was *void* pursuant to Trial Rule 60(B)(6), Coachmen must demonstrate that the notice at issue was sufficiently lacking to deprive it of due process. *See Moore*, 582 N.E.2d at 478 (concluding that defendants' knowing failure to provide notice to the plaintiff rendered resulting dismissal void). " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Munster v. Groce*, 829 N.E.2d 52, 58 (Ind.Ct.App. 2005) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). " '[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.' " *Id.* at 58 (quoting *Mullane*, 339 U.S. at 315, 70 S.Ct. 652).

Indiana Trial Rule 72(D) provides as follows regarding notice of orders or judgments:

> Immediately upon the entry of a ruling upon a motion, an order or judgment, the clerk shall serve a copy of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear and shall make a record of such mailing. Such mailing is .sufficient notice for all purposes for which notice of the entry is required by these rules[.]

> * * *

> It shall be the duty of the attorneys when entering their appearance in a case or when filing pleadings or papers therein, to have noted on the Chronological Case Summary and on the pleadings or papers so filed, their mailing address, and service by mail at such address shall be deemed sufficient.

(Emphasis supplied). As provided for in Rule 72(D), Indiana Trial Rule 5(B)(2) provides as follows for service by mail:

> If service is made by mail, the papers shall be deposited in the United States mail addressed to the person on whom they are being served, with postage prepaid. Service shall be deemed complete upon mailing. Proof of service of all papers permitted to be mailed may be made by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. *It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the chronological case summary or said pleadings or papers so filed the address and telephone number of their office. Service by delivery or by mail at such address shall be deemed sufficient and complete.*

(Emphasis supplied).

The record reveals that Coachmen's counsel apparently informed the judges and clerks of the St. Joseph County Court about his law firm's change of address and that he also asked the postal service to forward his mail, although this forwarding request may have expired around the time the notice at issue was sent. Apart from informing the clerks and judges, Coachmen's counsel did not file a separate

---

hearing. 438 N.E.2d at 984. This interpretation is emphasized by the *Rumfelt* dissent's disagreement with that interpretation. *Id.* ("The rule does not require that a hearing be held in open court. It requires the judge to *order* a hearing for the purpose of dismissing the case[.]" (Prentice, J., dissenting)).

change of address for each separate matter in which he was involved.

While the process at issue here—including the lack of a hearing—was perhaps imperfect, Coachmen fails to establish that service of process was demonstrably non-compliant with Indiana Trial Rule 5 or that efforts at notice were not reasonably calculated to apprise Coachmen of the status of the action. First of all, the plain language of Trial Rules 5 and 72(D) demonstrates that attorneys have the duty to inform the court of their addresses, and that this duty arises with respect to each separate case in which the attorney is involved. Coachmen's attorney may have informed the courts and judges of his change of address, but he did not do so for each separate action. In light of Coachmen's counsel's failure to inform the court of his change of address in the manner contemplated by the trial rules, we are unpersuaded by Coachmen's claim that its lack of receipt of notice was instead attributable to another party's failure to follow the trial rules or make a genuine effort to apprise Coachmen of the proceedings at issue.

In addition, as the trial court found, counsel for Coachmen failed to remain apprised of the trial court proceedings and did not file the Standstill Agreement with the court. Such questionable diligence on Coachmen's counsel's part to ensure his inclusion in such proceedings also undermines his claim that the missing notice constituted a due process violation.

Of course, the court accepted some responsibility for the missing notice due to its failure to maintain records demonstrating the address to and means by which the notice at issue—which the court found had been mailed—was actually sent.[9] The court's partial responsibility for the mystery regarding the missed notice, however, does not operate to relieve Coachmen's counsel of his duties to ensure its receipt.

Because Coachmen's lack of notice was as much a result of its own actions as any other party's, we are not compelled to conclude that notice in this case was necessarily a mere gesture, or that efforts at notice were not reasonably calculated to apprise Coachmen of the status of the action. We therefore decline Coachmen's claim that it was denied due process and that the dismissal judgment was demonstrably void. *Cf. Moore,* 582 N.E.2d at 478 (finding Rule 41(E) dismissal void where plaintiff's lack of notice was due entirely to defense counsels' sending notice to plaintiff's former counsel only, although they knew he had withdrawn, and not to the plaintiff). We reach this conclusion especially in light of the trial court's conclusion that relief was warranted on Rule 60(B)(8) grounds alone.

### IV. Indiana Trial Rule 60(B)(8)

#### A. Exceptional Circumstances

Baker & Daniels also contends that Coachmen cannot show the exceptional circumstances necessary for reinstatement under Rule 60(B)(8) because the basis for reinstatement was merely Coachmen's counsel's neglect, a ground for reinstatement which falls within Rule 60(B)(1). Rule 60(B)(1), however, requires that the motion for reinstatement be made within one year of the judgment. Coachmen moved for reinstatement approximately two and one-half years after the cause was dismissed, which was not within the prescribed time period under Rule 60(B)(1).

---

9. Indiana Trial Rule 72(D) provides that the trial court clerk shall serve a copy of an order or judgment by mail in accordance with Trial Rule 5, and it shall make a record of such mailing. The plaintiffs fail to demonstrate that service did not comply with Trial Rule 5. There is no dispute, however, that the CCS does not include a record of such mailing.

We first consider whether the trial court abused its discretion in determining that exceptional circumstances justified reinstatement under Rule 60(B)(8). Indiana Rules 60(B)(1) and 60(B)(8) provide as follows:

> **(B) Mistake—Excusable neglect— Newly discovered evidence—Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> \* \* \*
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

■ "Trial Rule 60(B)(8) allows the trial court to set aside a judgment within a reasonable time for any reason justifying relief 'other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).'" *Brimhall v. Brewster (Brimhall II )*, 864 N.E.2d 1148, 1153 (Ind.Ct.App.2007) (quoting T.R. 60(B)(8)). The trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary re-

lief. *Id.* Among other things, exceptional circumstances do not include mistake, surprise, or excusable neglect, which are set out in Rule 60(B)(1). *Id.* Trial Rule 60(B)(8) has in the past been distinguished on the following grounds:

> [Trial Rule] 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).

*Id.* (quoting *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 279–80 (Ind.Ct.App. 2000) (internal quotation omitted)).

The trial court believed Coachmen's counsel's claim that he did not receive the order to show cause which, when unanswered, resulted in Rule 41(E) dismissal of the St. Joseph Circuit Court action.[10] The trial court questioned the mail processes which had led to lack of notice but also found that notice had been mailed and observed that counsel for Coachmen had had a duty to keep apprised of the status of matters pending before the court. *See Sanders v. Carson*, 645 N.E.2d 1141, 1144 (Ind.Ct.App.1995) ("This court has held that it is the duty of an attorney and his client to keep apprised of the status of

---

10. In arguing that counsel for Coachmen had personal knowledge of Rule 41(E) dismissals by the St. Joseph courts during the time period in question, Baker & Daniels points to a list of cases in the St. Joseph courts set for Rule 41(E) dismissal, which contains two other cases listing Coachmen's counsel as counsel of record. According to Baker & Daniels, action was taken in those two other cases. Regardless of this evidence, the trial court credited Coachmen's counsel's contention that he was unaware of such notice in the instant case. We will not reweigh that evidence.

matters before the court."). The trial court further observed that the "better practice" would have been for Coachmen's counsel to file a copy of the Standstill Agreement with the court. Tr. p. 41. Indeed, it was the trial court's view that Coachmen's counsel "probably should have been more diligent in that process." Tr. p. 38.

Nevertheless, the trial court also accepted partial blame for Coachmen's counsel's lack of notice. The court observed that it lacked certain relevant records and acknowledged its inability to confirm the address to and means by which the notice was mailed. Most importantly, however, the trial court was particularly concerned with the parties' Standstill Agreement, which indicated the parties' mutual understanding that neither was required to act in the St. Joseph Circuit Court litigation until one party terminated the agreement, which neither party did. The trial court appeared to believe that, in light of this agreement, punishing one party and rewarding the other party for this agreed-upon failure to act was fundamentally unfair. In the trial court's view, this was especially so given Baker & Daniels' effort to use the resulting dismissal of the action for its *res judicata* effect on a separate action pending in another jurisdiction.

In light of the facts and the trial court's findings, we are unpersuaded that its finding of exceptional circumstances pursuant to Trial Rule 60(B)(8) constituted an abuse of discretion. Most significantly, the parties entered into an agreement to take no action in the instant case, yet the Trial Rule 41(E) judgment dismissing the action was based upon this very ground, with only one of the parties having received proper notice. While Coachmen's counsel's actions may have lacked full diligence, such neglect was not entirely responsible for his lack of notice. As the trial court

found, the court was also partly at fault in that it lacked records and could not confirm how and where the missed notice was sent. In cases where an action is dismissed due to the lack of due diligence on the part of multiple parties, including the court clerk, this court has found the existence of exceptional circumstances adequate to justify relief from judgment pursuant to Trial Rule 60(B)(8). *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d at 280–81 (Ind.Ct.App.2000), *cited in Brimhall II*, 864 N.E.2d at 1153–54. Given the shared fault for the lack of notice, the parties' Standstill Agreement providing Coachmen with good cause for its failure to prosecute, and the potential *res judicata* effect of this dismissal on a separate action pending since June 2007, we are convinced that the trial court was within its discretion to conclude that exceptional circumstances, and not merely neglect, existed to permit relief from judgment pursuant to Trial Rule 60(B)(8).

### B. Meritorious Claim

 Baker & Daniels additionally contends that reinstatement of the action pursuant to Rule 60(B)(8) is improper because Coachmen failed to allege a meritorious claim. Coachmen responds by arguing that it was not required to allege a meritorious claim and further, that even if it were, the facts and circumstances demonstrate that such a claim exists.

 In addition to showing sufficient grounds for relief under Trial Rule 60(B), Coachmen must also make a prima facie showing of a meritorious claim. *See Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind. 1999). In making such showing, Coachmen was required to present evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment to stand. *See id.*

■ Baker & Daniels argues, citing *Natare*, that in order to meet its meritorious claim burden, a plaintiff must submit "some admissible evidence which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery." 874 N.E.2d at 1059. This court has not uniformly endorsed that requirement, however. In *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1238 (Ind.Ct.App.2007), this court stated as follows: "To the extent that some cases suggest that the movant *must* present admissible evidence to satisfy the meritorious [claim] requirement of his motion to set aside judgment, we disagree." (Emphasis in original). The *Shane* court further reasoned that it was "well within the trial court's discretion to determine whether the amount and/or the nature of evidence presented in support of a motion to set aside judgment indeed satisfies the meritorious [claim] requirement of a prima facie showing." *Id.* After emphasizing the preliminary nature of a prima facie showing, the *Shane* court observed that the prima facie burden was appropriate, given the initial stages of a case at the time of a hearing regarding a motion to set aside judgment. *Id.* As the *Shane* court found, acquisition and preparation of admissible evidence during such initial stages of a case is especially difficult. *Id.* Accordingly, under *Shane*, "It is up to the trial court to determine on a case-by-case basis whether a movant has succeeded in making a prima facie allegation." *Id.*

At the hearing, the trial court found as follows:

> [W]hat troubles me here is the parties had an agreement to not do anything in this litigation, and that's what they did. They didn't do anything. When the case got dismissed, all of a sudden they are saying, wait a minute, we didn't do anything, but we should get to take advantage that we didn't do anything and hold

that against the other party. And I think that's what's fundamentally unfair.

> So since a Trial Rule 60(B)(8) motion is in the Court's equitable jurisdiction, I find that equity is not served by the present situation and that the cause ought to be allowed to be reinstated.

Tr. p. 42. In its order, the trial court concluded that Coachmen had established the existence of a meritorious claim.

In *Lake County Trust No. 3190 v. Highland Plan Comm'n*, 674 N.E.2d 626, 629 (Ind.Ct.App.1996), this court concluded that a plaintiff seeking to satisfy the meritorious claim requirement must, at the very least, provide information which would have allowed the trial court to refuse dismissal of the cause for failure to prosecute. Here, Coachmen presented the trial court with its Standstill Agreement with Baker & Daniels, which the trial court concluded justified Coachmen's failure to prosecute. In addition, as Coachmen points out, the Florida court denied summary judgment in a cause of action substantially similar to the instant one, suggesting that the subject matter of the instant action warrants trial on the merits, regardless of whether the action is ultimately tried only in Florida. While Coachmen certainly could have presented more evidence to demonstrate the merits of its claim, we are satisfied that it has met the minimum standard under *Lake County Trust* to satisfy this requirement. We reach this conclusion in light of *Shane* and the great deference we pay the trial court's assessment of the prima facie evidence offered to establish a meritorious claim. 869 N.E.2d at 1238.

### C. Balancing Test

■ Baker & Daniels's final challenge to the trial court's reinstatement of the instant action claims that this reinstatement does not properly balance "the al-

leged injustice suffered by the party moving for relief against the interests of the winning party and societal interest in the finality of litigation." *In re K.E.*, 812 N.E.2d 177, 180 (Ind.Ct.App.2004), *trans. denied.* Here, the trial court clearly concluded that it was unjust for Coachmen to suffer—and Baker & Daniels to sustain a corresponding windfall—due to the dismissal of Coachmen's case when the dismissal was fully attributable to both parties' adherence to their Standstill Agreement. We believe that the trial court was fully entitled—and in our view, correct—to place more importance upon remedying this injustice than in ensuring that the parties' litigation become final.

Ultimately, reinstatement is a matter of equity. *See Hovey v. Hovey*, 902 N.E.2d 896, 900 (Ind.Ct.App.2009) ("A motion under T.R. 60(B) is addressed to the equitable discretion of the trial court[.]"), *reh'g denied, trans. denied.* Indeed, the trial rules "shall be construed to secure the *just,* speedy and inexpensive determination of every action." Ind. Trial Rule 1 (emphasis supplied). As the trial court found, equity and justice cannot be achieved in the instant case if the Standstill Agreement operates as an unforeseen free pass for Baker & Daniels when Baker & Daniels did nothing to disclose its existence or obvious relevance to ongoing proceedings.

### V. Conclusion

Having concluded that this action was properly reinstated pursuant to Indiana Trial Rule 60(B)(8), and having rejected Baker & Daniels's challenges to the legitimacy of reinstatement on that ground, we affirm the decision of the trial court permitting reinstatement of the instant action.

The judgment of the trial court is affirmed.

NAJAM, J., and RILEY, J., concur.

*ORDER*

Appellants Baker & Daniels, LLP and Kennard Weaver, by counsel, have filed an Appellants' Motion to Publish. Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

Appellants' Motion to Publish is GRANTED.

NAJAM, RILEY, BRADFORD, JJ., concur.