

# IN THE
# Court of Appeals of Indiana

Starr Indemnity & Liability Co., et al.,

*Appellant-Defendant*

v.

NIBCO INC.,

*Appellee-Plaintiff*



FILED

Feb 26 2024, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

February 26, 2024

Court of Appeals Case No.
23A-PL-1343

Appeal from the Elkhart Superior Court

The Honorable Christopher J. Spataro, Judge

Trial Court Cause No.
20D05-1708-PL-178

---

**Opinion by Chief Judge Altice**
Judges Weissmann and Kenworthy concur.

**Altice, Chief Judge.**

## Case Summary

NIBCO, Inc.'s declaratory judgment action was dismissed for failure to prosecute. Two years later, the trial court, despite rejecting NIBCO's claim that it was entitled to reinstatement under Ind. Trial Rule 60(B), reinstated the action. The trial court reasoned that it was **required** to reinstate the action because it failed to hold an Ind. Trial Rule 41(E) hearing before the dismissal. As the only vehicle for reinstatement in this case was T.R. 60(B), we conclude that the trial court erred by reinstating the action.

We reverse.

## Facts & Procedural History

NIBCO filed this action in 2017 against twenty-two of its commercial insurers seeking a declaration regarding coverage issues in connection with two underlying class actions against NIBCO for product liability related to NIBCO's PEX 1006 plumbing components. Following mediation, the majority of the insurance-company defendants reached agreements with NIBCO and were dismissed from this action in June 2019 and April 2020. The six defendants that remained in the action are the appellants here – Starr Indemnity & Liability Company, Starr Surplus Lines Insurance Company, Liberty Mutual Fire Insurance Company, The Ohio Casualty Insurance Company, Mt. Hawley Insurance Company, and National Fire & Marine Insurance Company (collectively, Insurers).

[4] For nearly nine months after the April 2020 dismissals, nothing occurred on the trial court's docket involving Insurers, except for the granting of a motion to withdraw the appearance of an attorney in August 2020. In the meantime, the trial judge, Charles Cater Wicks, retired and Christopher J. Spataro took over the case in January 2021.

[5] On February 8, 2021, Judge Spataro, sua sponte, issued an order for hearing for the purpose of dismissing the case pursuant to T.R. 41(E). In that order, the court scheduled the T.R. 41(E) hearing for March 19, 2021, at 11:00 A.M. and directed that an order of dismissal would be entered if "the plaintiff shall not show sufficient cause why this case should not be dismissed at or before such hearing." *Appellants' Appendix* at 124. The hearing order was served by email to John A. Conway (Attorney Conway), one of the three attorneys with SouthBank Legal who entered appearances in this case for NIBCO.[1] Insurers were not served with the hearing order.

[6] Thereafter, NIBCO did not attempt to show cause why the case should not be dismissed and did not appear on the date of the hearing or seek to have the hearing rescheduled. On March 25, 2021, the trial court dismissed the case

---

[1] NIBCO was separately represented by attorneys with K&L Gates (Coverage Counsel), who did not enter appearances in this action but "took the lead on insurance coverage strategy [and] settlement and insurer communications." *Id*. at 128. Coverage Counsel's mediation resulted in settlements of the underlying class actions and with insurance-company defendants exclusive of Insurers. Thereafter, Coverage Counsel continued to hold periodic conference calls with Insurers to provide updates on other pending PEX 1006 product liability claims. We will refer to these calls as Update Calls.

with prejudice under T.R. 41(E).  Like the order setting the hearing, the order of dismissal was served by email and only to Attorney Conway.

[7]     On December 7, 2022, more than twenty months after the dismissal, NIBCO filed a motion for relief from judgment seeking reinstatement of its action against Insurers under T.R. 60(B)(8).  NIBCO argued that "equitable considerations" weighed in favor of granting relief, including that the hearing and dismissal orders had been sent only to one attorney of record, there was no evidence that a T.R. 41(E) hearing had been held, NIBCO had a good-faith belief that the case was still active, Insurers would not be prejudiced by reinstatement of the action, and Indiana's strong preference for deciding cases on the merits.  *Appellants' Appendix* at 126.

[8]     NIBCO claimed that it did not become "actually aware" of the dismissal until November 21, 2022, when counsel for Starr Indemnity & Liability Company and Starr Surplus Lines Insurance Company (collectively, Starr) referenced the dismissal during an Update Call.[2]  *Appellants' Appendix* at 127.  In a reservation of rights letter to Coverage Counsel dated June 6, 2022, however, Starr's counsel had already expressly noted the dismissal.[3]  And a reservation of rights

---

[2] After the March 2021 dismissal, Coverage Counsel had three Update Calls with Insurers.  These were in April and October 2021 and then more than a year later in November 2022.

[3] On the second page of this letter, Starr's counsel wrote:

> NIBCO filed a declaratory judgment action against Starr, as well as its other primary, excess and umbrella insurers that issued policies to NIBCO between 2006 and 2017, seeking coverage for certain of the PEX Lawsuits, captioned *NIBCO, Inc. v. Zurich American Insurance Company, et al.*, Case No. 20D05-1708-PL000178, Elkhart Superior Court, Indiana ("Coverage Lawsuit").  Starr has filed responsive pleadings in the Coverage Lawsuit.  On March 25, 2021, the Coverage

letter from another Insurer, sent on July 12, 2022, similarly referenced the dismissal order.[4]

[9] Insurers opposed NIBCO's request for relief from judgment and argued that NIBCO had not satisfied the requirements of T.R. 60(B)(8). Insurers claimed, among other things, that NIBCO failed to show circumstances beyond simple neglect/mistake by Attorney Conway, who was served with the hearing order and the dismissal order on behalf of NIBCO, that NIBCO failed to establish exceptional circumstances warranting relief, and that NIBCO failed to seek relief from judgment within a reasonable time.

[10] The trial court held oral argument on NIBCO's T.R. 60(B)(8) motion. At the hearing on February 7, 2023, Attorney Conway acknowledged that he had received the orders in question and that there was "nothing excusable about [his failure to attend to them]." *Transcript* at 11. But he noted that the two other

---

Lawsuit was dismissed with prejudice for lack of progress. Accordingly, the Coverage Lawsuit was resolved in favor of the primary, excess and umbrella insurers involved in that lawsuit, including Starr, with respect to coverage for the PEX Lawsuits.

*Appellee's Appendix* at 11.

[4] This letter provided in relevant part:

We note as an initial or threshold matter that, aside from the express provisions in the Liberty Mutual Policies, coverage thereunder for the Blappert Action is precluded by the fact that NIBCO's declaratory judgment action against its insurers, including Liberty Mutual, was dismissed with prejudice on March 25, 2021. *See* Order Dismissing Case Pursuant to T.R. 41(E), *NIBCO Inc. v. Zurich Am. Ins. Co., et al.*, Case No. 20D05-1708-PL-000178 (Elkhart Sup. Ct., Ind.) (case "dismissed with prejudice"). NIBCO's Complaint for Declaratory Judgment sought a declaration as to whether it was entitled to coverage for "PEX lawsuits throughout the country." The Court's March 2021 dismissal with prejudice is fully dispositive of NIBCO's coverage action, which cannot be relitigated.

*Appellee's Appendix* at 43.

attorneys on the case were not served with the orders and that Coverage Counsel was separately handling the underlying claims with SouthBank Legal "kind of in standby capacity in the event that [] the litigation [] heated up" against Insurers. *Id*. at 9. Attorney Conway explained that there was "kind of a wait and see approach" by Insurers as other PEX 1006 cases continued to develop and as Coverage Counsel and Insurers periodically communicated about the pending claims.[5] *Id*. at 13. Under the circumstances, he claimed that there "wasn't a need to be checking the docket, because things weren't … really going on." *Id*. at 24. Ultimately, NIBCO's claim of exceptional circumstances was based on there being "some … issues … with the service and then the conduct of the parties." *Id*. at 51.

[11] The trial court took the matter under advisement and then issued its order on March 31, 2023. Despite expressly concluding that NIBCO was not entitled to relief under T.R. 60(B)(8), the trial court determined that it was required to reinstate the case because the scheduled T.R. 41(E) hearing had not actually been held. *Appellants' Appendix* at 119 ("Because the record does not reflect that an actual [T.R.] 41(E) hearing was conducted, and because the undersigned knows that no [such] hearings were conducted during (at least) the first half of

---

[5] Attorney Conway acknowledged that the Update Calls did not amount to ongoing litigation activity in this case. *See id*. at 50 (indicating with respect to the Update Calls that he was "not trying to imply at all that we were litigating" and that he "[c]ertainly, [didn't] want to leave that implication").

2021, the Court finds that it is required to reinstate the case and hereby does so.").

[12] Insurers filed a motion to correct error in which they argued that T.R. 41(E)'s hearing requirement was satisfied because "[a] hearing was set, scheduled, notice was provided, and NIBCO did not attend or respond in any way, despite having a full and fair opportunity to do so." *Appellants' Appendix* at 177. In essence, Insurers' argument assumed that the hearing was not held because NIBCO did not attend.

[13] In denying Insurers' motion to correct error, the trial court clarified that it did not reinstate the case because NIBCO failed to respond or appear at a duly noticed hearing but because of the court's own failure to conduct a hearing. In its order, the trial court discussed several cases and then concluded:

> Indiana law requires that if a court dismisses a case under Trial Rule 41(E), it must both schedule and conduct a hearing before entering an order of dismissal. There is no dispute here that the Court did not conduct a hearing before dismissing NIBCO's claims and that NIBCO did not demonstrate sufficient good cause for the delay before the scheduled hearing. Therefore, the Court correctly reinstated NIBCO's case on March 31, 2023.

*Id.* at 122.

[14] Insurers appeal from the reinstatement of the declaratory judgment action. Additional information will be provided as needed below.

## Discussion & Decision

[15] T.R. 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, *the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.* Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

(Emphasis supplied.)

[16] As the trial court observed in this case, a court is required to hold a hearing prior to dismissing a case for failure to prosecute. *See, e.g.*, *Rumfelt v. Himes*, 438 N.E.2d 980, 984 (Ind. 1982) ("Trial Rule 41(E) clearly requires a hearing on a motion to dismiss[.]"); *Caruthers v. State*, 58 N.E.3d 207, 214 (Ind. Ct. App. 2016) (holding that T.R. 41(E) requires a trial court to hold a hearing, not just schedule one, before dismissing a case). Judgments of dismissal entered without such a hearing are prone to reversal. *See generally Rumfelt*, 438 N.E.2d 980; *Smith v. State*, 90 N.E.3d 691 (Ind. Ct. App. 2017), *trans. denied*; *Caruthers*, 58 N.E.3d 207. The *Caruthers* court recognized that "there may be circumstances where a trial court's dismissal of an action without first holding a hearing will not constitute reversible error" but did not elaborate further, as it

determined that strict compliance with the hearing requirement was warranted in that case. 58 N.E.3d at 214 n.7.

[17] In this appeal, the parties spill much ink debating whether a hearing was in fact held – though they agree that none of the parties attended – and if a hearing was not held, whether the circumstances of this case would warrant reversal of the judgment of dismissal. On the latter point, Insurers contend that a hearing was scheduled, and NIBCO was duly served with notice of the hearing but did not attempt to attend or reschedule the hearing or otherwise respond to the hearing notice. Insurers argue that under these circumstances a trial court should not have to commence a hearing simply to go on the record to note the plaintiff's non-attendance.

[18] These disputes are beside the point, however, because, unlike the cases cited above and relied upon by the trial court, this case does not involve an appeal from the judgment of dismissal. NIBCO missed that opportunity. Thus, pursuant to T.R. 41(F), its only recourse was to seek reinstatement of the declaratory judgment action via T.R. 60(B). *See* T.R. 41(F) (providing for reinstatement following a dismissal with prejudice "for the grounds and in accordance with the provisions of Rule 60(B)"); *see also Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 137 n.6 (Ind. Ct. App. 2010) ("Rule

41(F) plainly states that reinstatement of claims dismissed with prejudice must be in accordance with Rule 60(B)."), *trans. denied*.[6]

[19] Due to the belated filing of its T.R. 60(B) motion twenty months after the dismissal, NIBCO's options were even more limited, which is reflected by the fact that NIBCO sought reinstatement only pursuant to T.R. 60(B)(8). T.R. 60(B)(8) is a catch-all provision that permits the trial court to grant relief for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." It provides the trial court with broad equitable power and imposes a time limit based only on reasonableness. *Baker & Daniels*, 924 N.E.2d at 140. Nevertheless, "subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief[,]" which requires more than a showing that a party's failure to act was merely due to mistake, surprise, or excusable neglect – the reasons set out in subsection (1) that are subject to a one-year time limit. *Id*.

[20] Here, the trial court expressly determined that NIBCO was not entitled to relief under T.R. 60(B)(8) because (1) NIBCO did not seek relief within a reasonable

---

[6] The *Baker & Daniels* case involved the reinstatement of an action dismissed for failure to prosecute. On appeal, this court observed that a T.R. 41(E) hearing had been scheduled but not held (as neither party responded to the hearing notice) and that this "may have been a procedural flaw." *Baker & Daniels*, 924 N.E.2d at 137. In this regard, we noted our Supreme Court's emphasis on the importance of the rule's hearing requirement and observed that "judgments of dismissal entered without such a hearing are subject to reversal." *Id*. Nevertheless, presumably because this was an appeal of a reinstatement order rather than a dismissal order, we proceeded with determining the propriety of the reinstatement pursuant to T.R. 60(B). *Id*. at 138-43.

time and (2) NIBCO had not shown exceptional circumstances justifying relief.[7] The trial court explained:

> It is an attorney's duty to stay apprised of the status of pending matters before the court. That duty includes the due diligence of regularly checking court records for the status of pending cases. Given this duty, the Court finds that 20 months, nearly two years, after the dismissal order was entered is an unreasonable amount of time to elapse before a motion to vacate the judgment was filed. The Court further finds that service on one of three attorneys for NIBCO is not an exceptional circumstance that justifies relief from the Dismissal Order.

*Appellants' Appendix* at 118 (citations omitted).

[21]     NIBCO observes that the decision of whether to reinstate the case under T.R. 60(B)(8) was within the trial court's discretion. Indeed, we review a trial court's decision in this regard for an abuse of discretion, "which occurs only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law." *Baker & Daniels*, 924 N.E.2d at 136. What NIBCO ignores is that the trial court exercised its discretion and determined that NIBCO was not entitled to relief under T.R. 60(B)(8). NIBCO seems to ask us to consider the issue anew rather than review for an abuse of discretion. That would be improper.

---

[7] T.R. 60(B)(8) also requires that the movant allege a meritorious claim. The trial court did not make a finding against NIBCO on this basis.

[22] The trial court's determination that NIBCO did not file its motion within a reasonable time was not clearly against the logic and effect of the facts and circumstances before it. "Determining what is a reasonable time period depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay." *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016).

[23] It is undisputed that NIBCO was actually served with the hearing and dismissal orders through Attorney Conway[8] and that those orders were also reflected on the CCS for more than twenty months before NIBCO sought reinstatement. Attorney Conway, by his own admission, inexcusably disregarded the orders, and he and the two other attorneys in his firm who appeared for NIBCO also failed to monitor the CCS for nearly two years. *See Baker & Daniels*, 924 N.E.2d at 140-41 (observing that attorneys have a duty to keep apprised of the status of matters before the court).

[24] Moreover, NIBCO's suggestion that "litigation proceeded after dismissal" is belied by the record. *Appellee's Brief* at 27. The Update Calls, which Attorney Conway acknowledged were not litigation activity, did not take place between October 2021 and November 2022. And to the extent there was other communication between Coverage Counsel and Insurers during that time, such

---

[8] NIBCO suggests in passing that service on only one of its three attorneys constituted "[d]efective service" and that this combined with the court's failure to serve Insurers with the hearing order made the resulting dismissal order void. *Appellee's Brief* at 26. Aside from not being supported by cogent argument on appeal, we observe that this argument, presumably based on T.R. (60)(B)(6), was not presented below.

included two letters from Insurers in June and July 2022 that should have made NIBCO aware of the March 2021 dismissal order.

[25] Despite clearly and definitively rejecting reinstatement on T.R. 60(B) grounds, the trial court reinstated the action only because it had not held a T.R. 41(E) hearing. In essence, the trial court applied a per se rule of reinstatement making dismissals subject to reinstatement indefinitely – that is, beyond a reasonable time – in any case where the trial court failed to hold a T.R. 41(E) hearing. This was clearly erroneous. Relief from the judgment of dismissal was available to NIBCO only under T.R. 60(B).[9] Because it failed to act within the time permitted by the rule, NIBCO was not entitled to reinstatement.

[26] Judgment reversed.

Weissmann, J. and Kenworthy, J., concur.

---

[9] We recognize that in *Somerville Auto Transp. Serv., Inc. v. Auto. Fin. Corp.*, 12 N.E.3d 955, 962 (Ind. Ct. App. 2014), *trans. denied*, this court affirmed a trial court's reinstatement of an action that was based on T.R. 60(A). There, the trial court sua sponte reinstated the action eight days after dismissal because it had not held the scheduled T.R. 41(E) hearing due to a mistaken belief that counsel had not appeared for the hearing. In fact, counsel had appeared to show cause at the hearing, but court staff advised that the judge was not available and directed counsel to submit a written response, which was done that same day but not seen by the court until days later. In affirming the reinstatement, we concluded that the trial court had discretion to promptly correct this error via T.R. 60(A), rather than T.R. 60(B), because it was "more akin to a mechanical mistake than a substantive mistake in character" and because the trial court still retained power and control over the judgment under Ind. Code § 33-23-2-4. *Somerville*, 12 N.E.3d at 964. Among other things, the twenty-month delay in this case clearly takes it out of the *Somerville* realm.

ATTORNEYS FOR APPELLANTS

James P. Strenski
Carmel, Indiana

Matthew O. Sitzer
David E. Schoenfeld
Kathleen M. Ryan
Chicago, Illinois

Michael D. Prough
Walnut Creek, California

Daniel P. Johnston
Chicago. Illinois

Jeffrey C. Gerish
Bloomfield Hills, Michigan

James W. Riley, Jr.
Indianapolis, Indiana

James M. Weck
Michigan City, Indiana


ATTORNEYS FOR APPELLEE

John A. Conway
John D. LaDue
Erin Linder Hanig
Tiernan B. Kane
South Bend, Indiana