LAKE COUNTY TRUST NO. 3190, Jay Leslie Zandstra, and Charles Zandstra, Appellants–Plaintiffs,

v.

HIGHLAND PLAN COMMISSION, Dennis Meyers and/or Meyers Commercial Industrial Development Corporation, et al., Appellees–Defendants.

No. 45A03–9604–CV–108.

Court of Appeals of Indiana.

Dec. 31, 1996.

Rehearing Denied March 6, 1997.

Michael L. Muenich, Highland, for Appellants–Plaintiffs.

Rhett L. Tauber, Kent A. Jeffirs, Anderson, Tauber & Woodward, P.C., Merrillville, for Highland Plan Commission.

Michael D. Sears, Marilyn R. Holscher, Singleton, Crist, Patterson & Austgen, Munster, for Appellees Dennis Meyers and/or Meyers Commercial Industrial Development Corp.

## OPINION

HOFFMAN, Judge.

Appellants-plaintiffs, Lake County Trust No. 3190, Jay Leslie Zandstra, and Charles Zandstra (collectively Zandstra), appeal the trial court's judgment dismissing their action challenging appellee-defendant, Highland Plan Commission's (HPC), grant of primary plat approval in favor of appellee-defendant Dennis Meyers. The facts relevant to review are recited below.

In June 1993, Zandstra petitioned the trial court for a Writ of Certiorari challenging HPC's grant of preliminary approval allowing Meyers to subdivide property he owned or owned by Meyers Industrial Development

Corp. HPC and Meyers were ordered to respond. In July 1993, Meyers and HPC filed motions requesting denial of the writ and a motion to dismiss.

On July 22, 1993, Meyers requested a hearing. After rescheduling due to conflicts, the hearing was held in April 1994. The court denied Meyers and HPC's motions.

On September 20, 1995, the trial court, on its own motion, set the cause for a hearing pursuant to Ind. Trial Rule 41(E) requiring Zandstra to appear to demonstrate why the cause should not be dismissed for failure to prosecute the action. The court's "Special Calendar for Dismissals Under Trial Rule 41(E)" reflects that the clerk was ordered to give notice to all attorneys on the calendar. This case with Zandstra's attorney was listed. The order required notice and set the hearing for November 8,1995, at 8:30 A.M.

On October 17, 1995, Meyers filed his motion for T.R. 41(E) dismissal for failure to prosecute. In his accompanying memorandum, Meyers alleged that Zandstra did not have a meritorious claim. Additionally, Meyers complained that he had suffered prejudice from the delay. On November 1, 1995, the Chronological Case Summary (CCS) noted that Zandstra filed an extension of time to respond to Meyers' motion to dismiss.

On November 13, 1995, Zandstra filed a response to the motion to dismiss and request for issuance of a writ of certiorari. Zandstra's memorandum alleged that the onus was on HPC "to set forth all facts and data as may be pertinent and to present materials showing the grounds of [HPC's] decision to grant primary plat approval to" Meyers.

On December 6, 1995, the trial court entered its order of dismissal pursuant to T.R. 41(E). The order noted that the cause had been set for a hearing on dismissal by the court. The court recognized that Zandstra had filed a request for an extension of time to respond to Meyers' motion; however, the court found that Zandstra's failure to appear at the November 8, 1995 hearing required

dismissal because "Petitioners have not shown cause why this matter has not been prosecuted diligently or why it should continue to pend on the Court's docket."

On December 18, 1995, the CCS entry shows that Zandstra's counsel filed a verified motion to reconsider. In the motion, counsel set out the chronology of events. Counsel acknowledged that the request for extension of time was returned by the court without a ruling granting or denying the extension. Counsel contended that relief should be granted because "petitioners in fact never received a copy of the Court's Order to Show Cause or notice of hearing." Also, counsel alleged that "petitioners' ability to prosecute their case diligently was further hindered by the Court's failure either to grant or deny their Petition for Extension of Time."

The motion to reconsider was deemed denied by operation of the trial rules. This appeal ensued.

■ As restated, Zandstra presents one consolidated issue for review: whether the trial court abused its discretion in dismissing the cause pursuant to T.R. 41(E) and whether the order is void due to the alleged lack of notice.

Initially, it is noteworthy that a motion to reinstate a cause after a dismissal rendered pursuant to T.R. 41(E) must be made under T.R. 60(B).[1] Ind. Trial Rule 41(F). In pertinent part, T.R. 60(B) provides:

> **Mistake—Excusable Neglect—Newly Discovered Evidence—Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in

1. The parties direct this Court to various rules and standards, including dismissal, as a discovery sanction. T.R. 41(F) provides that the only method of reinstating a cause after a T.R. 41(E) dismissal with prejudice is in accordance with T.R. 60(B).

time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\* \* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).

■ A motion pursuant to the rule is addressed to the equitable discretion of the court. Our scope of review for the grant or denial of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Summit Account & Computer v. Hogge,* 608 N.E.2d 1003, 1005 (Ind.Ct.App.1993).

Review of the cases regarding T.R. 60(B) reveals an untidy area as observed in *Graham v. Schreifer,* 467 N.E.2d 800, 807 (Ind. Ct.App.1984):

The abuse of discretion standard of review of trial court judgments is a broad one, and when we considered the decisions of numerous state and federal courts regarding T.R. 60(B) motions, we discovered absolutely no consistency, no pattern to what did or did not constitute an abuse of discretion. Frankly, if the trial court here had denied the motion, we would have been hard-pressed to determine *that* action would have been an abuse of discretion. (However, the due process considerations herein would probably have required a reversal.) The equities to consider and bal-

ance in any given case are usually of such nonrepetitive nature that an overall schemata of all the T.R. 60(B) cases would more likely remind one of the shifting patterns of moire rather than of a steadfast progression between two points labelled 'abuse of discretion' and 'no abuse of discretion.' Within this context, we have endeavored to reach a proper balance between the factual circumstances and the freedom of (and appellate respect for) the decision of the trial court, which basically is what the abuse of discretion standard is all about. [Emphasis in original.]

*Id.* at 807, n. 4.

Decisions regarding relief from a judgment or dismissal when notice of the action is lacking have been made under T.R. 60(B)(1) and T.R. 60(B)(8). *See Moore v. Terre Haute First Nat. Bank,* 582 N.E.2d 474, 477–478 (Ind.Ct.App.1991) (T.R. 41(E) dismissal served upon counsel who had previously withdrawn required T.R. 60(B)(1) relief, further dismissal without notice to party was void *ab initio* ); *Westlake v. Benedict,* 469 N.E.2d 27, 29 (Ind.Ct.App.1984) (affirming grant of T.R. 60(B)(1) motion for relief filed nine months after dismissal where counsel not notified of pending dismissal and ongoing negotiations taking place); *Graham,* 467 N.E.2d at 803–804 (judgment entered after attorney withdrew, and no indication of notice to party, allowed relief under T.R. 60(B)(8) nine years after judgment entered); *Blichert v. Brososky,* 436 N.E.2d 1165, 1167 (Ind.Ct.App.1982) (motion for relief under T.R. 60(B)(8) fifteen months after dismissal untimely, attorney had duty to stay apprised of matters and failure amounted to neglect by attorney under T.R. 60(B)(1)).

Here, Zandstra does not specify the subsection of T.R. 60(B) under which relief is appropriate. Zandstra directs this Court to the decision in *Moore* as support for granting relief when a party does not receive notice of the hearing for dismissal.

In *Moore,* relief was granted under T.R. 60(B)(1) for mistake, surprise, or excusable neglect when notice was given to counsel who was no longer representing the party. *Moore,* 582 N.E.2d at 477–479. Such is not

true of the present case. The dismissal docket entry specifically lists this case and the attorneys of record to receive notification of the hearing for dismissal. Although the verified petition for reinstatement of the claim in the present case states that the "petitioners" did not receive notice, the docket entry specifically states that notice was ordered to the attorney of record. Unlike the circumstances in *Moore,* notice reasonably calculated to reach the parties was sent. Additionally, Zandstra and counsel do not allege justification for failing to respond to Meyers' request for 41(E) dismissal when the motion for extension of time was not ruled upon. Zandstra's motion for extension of time was made while the cause was still pending. It is patently impractical to fail to file a motion on the assumption that a requested ruling will be made.

■ Zandstra also contends that the judgment is void for failure to hold an adversarial hearing. According to Zandstra, the hearing on dismissal held by the trial court did not meet the requirements of an adversarial hearing, because the petitioners and counsel were not present. Under the analysis in *Moore,* a judgment of dismissal would be void or without legal efficacy for want of due process if a party was not given notice. *Cf. Moore,* 582 N.E.2d at 478–479 (T.R. 41(E) requires adversarial hearing prior to dismissal necessitating notice and opportunity to be heard). As noted above, the *Moore* analysis is inapposite here. In *Moore,* the CCS demonstrated that notice was sent to former counsel no longer representing the aggrieved party and did not reveal notice to the party. As such, the record demonstrated a lack of notice. The order of dismissal in the present case is not void for lack of notice.

■ Further, the court in *Moore* reiterated the component of T.R. 60(B) relief which demands that a defendant seeking reinstate-

ment of a claim must demonstrate a meritorious defense. *Id.* at 477. The *Moore* court found the requirement equally applicable to a dismissed plaintiff. Thus, T.R. 60(B) reinstatement after a T.R. 41(E) dismissal must be accompanied by demonstration of a meritorious claim. *Id.*

Zandstra contends on appeal that a showing of a meritorious claim is not required here because the order of dismissal is void. While it is true that a T.R. 60(B) movant is relieved of the meritorious claim or defense showing if the judgment is void, as noted above, Zandstra has failed to demonstrate that the judgment is void for lack of notice. *See id.* The meritorious claim requirement is fully applicable to the present proceedings. At the very least, Zandstra would be required to provide the information which would have allowed the trial court to refuse dismissal of the cause for failure to prosecute.

Also, it should be noted that Zandstra has not alleged exceptional circumstances which would allow extraordinary relief as required by T.R. 60(B)(8). *See Showalter v. Brubaker,* 650 N.E.2d 693, 699 (Ind.Ct.App.1995). Meyers did claim prejudice based upon the lengthy delay in prosecuting the action.

Under the circumstances, this Court cannot say that the trial court abused its discretion in failing to reinstate the claim.

Affirmed.

GARRARD and DARDEN, JJ., concur.