Troy METCALF, Appellant–Plaintiff,

v.

ESTATE OF Barbara HASTINGS, Appellee–Defendant.

No. 54A01–9906–CV–221.

Court of Appeals of Indiana.

April 11, 2000.

Kevin W. Ault, Rushville, Indiana, Attorney for Appellant.

Michael A. Wilkins, Germaine Winnick Willett, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Sr. Judge

Troy Metcalf appeals the order of the trial court dismissing his action for failure to prosecute. Metcalf raises one issue for our review, which we restate as: whether the trial court abused its discretion by granting the Estate of Hastings's ("Estate") motion to dismiss for failure to prosecute pursuant to Indiana Trial Rule 41(E).

We affirm.

Metcalf was injured in an automobile accident involving Barbara Hastings. Metcalf filed a personal injury suit against Hastings in Montgomery Circuit Court, and a trial was scheduled for April 8, 1997. Hastings died the week prior to trial and the trial was cancelled. On April 23, 1997, Hastings's estate was opened in the Montgomery Superior Court. Metcalf filed a claim against the Estate on August 4, 1997. On October 29, 1997, Metcalf filed a petition for a pre-trial conference in the Superior Court. The Superior Court judge denied his petition, stating that the Circuit Court retained jurisdiction over the personal injury action. Metcalf took no further action on the suit in Circuit Court, and on April 28, 1998, the Estate filed a motion to dismiss for failure to prosecute pursuant to T.R. 41(E). After the motion to dismiss was filed, Metcalf requested a pre-trial conference in Circuit Court. A pre-trial conference and a hearing on the T.R. 41(E) motion were scheduled for May 26, 1998. On May 19, 1998, the Estate filed a renewal of its T.R. 41(E) motion, and requested that the May 26 hearing be continued. It was reset for June 26, 1998. Metcalf then filed a motion for continuance, and the hearing was rescheduled for August 14, 1998. Metcalf filed another motion to continue the hearing. The trial court denied that motion, but agreed to conduct the hearing on the motion to dismiss by telephone.

On August 14, 1998, the telephone conference was initiated at 1:00 p.m., but Metcalf's counsel was unable to reach a telephone until around 1:30. By that time, the trial judge was unavailable to participate in the conference call. Metcalf made no attempt to reschedule the hearing. Thereafter, on October 14, 1998, the trial court granted the Estate's T.R. 41(E) motion to dismiss for failure to prosecute. Metcalf filed a motion to correct error, which was denied after a hearing.

Metcalf contends that the trial court abused its discretion by granting the Estate's motion to dismiss for failure to prosecute. Specifically, he argues that the trial court erred by granting the motion without holding a hearing, and by failing to attribute a portion of the delay to the initiation and execution of probate proceedings.

The authority of a trial court to dismiss an action for failure to prosecute is grounded in T.R. 41(E), which provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

We will reverse a dismissal for failure to prosecute only in the event of an abuse of

discretion, which occurs only if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Lee v. Friedman*, 637 N.E.2d 1318, 1320 (Ind.Ct.App.1994). We will affirm if there is any evidence that supports the decision of the trial court. *Id.*

The plain language of T.R. 41(E) requires the trial court to order a hearing once a party has moved to dismiss a case for failure to prosecute. *See Rumfelt v. Himes*, 438 N.E.2d 980, 983 (Ind.1982). However, when the court orders a hearing and notice of the hearing date is sent to the plaintiff, the hearing requirement of T.R. 41(E) is satisfied, regardless of whether the plaintiff or his counsel attends the hearing. *Lake County Trust v. Highland Plan Com'n*, 674 N.E.2d 626, 629 (Ind.Ct.App.1996), *trans. denied.*

Here, the court ordered a hearing on the Estate's T.R. 41(E) motion, and Metcalf received notice of that scheduled hearing date. Metcalf's attorney made arrangements to hold the hearing by telephone. However, he was unable to take part in the telephone conference at the time that had been arranged. Despite the attorney's failure to participate in the hearing, he made no effort to reschedule the hearing. After sixty days had passed following the date of the scheduled telephone hearing, the trial court entered an order granting the Estate's motion to dismiss.

Metcalf argues that the trial court erred by ruling on the Estate's motion without holding a hearing. However, the trial court ordered a hearing on the T.R. 41(E) motion to dismiss and Metcalf had an opportunity to respond; this was sufficient to satisfy the hearing requirement of T.R. 41(E). *See Lake County*, 674 N.E.2d at 629. Therefore, we hold that the trial court did not err by dismissing the case without holding an adversarial hearing.

Metcalf also contends that the trial court erred by not attributing some delay to the probate proceedings. Specifically, Metcalf argues that part of the reason for his delay in prosecuting the case was that he was waiting for the personal representative to allow or disallow the claim he filed against the Estate. Thus, he argues, that delay should not be attributed to him. We disagree.

First, we note that the burden was on Metcalf to prove, at or before the hearing, that there was sufficient cause or excuse for his delay. *See Gibbs v. Douglas M. Grimes, P.C.*, 489 N.E.2d 638, 642 (Ind.Ct. App.1986), *reh. granted on other grounds*, 491 N.E.2d 1004 (Ind.Ct.App.1986). Due to his failure to participate in the hearing, Metcalf did not meet this burden. Too, Metcalf acknowledges that the Superior Court judge, who was handling the probate matter, advised him on November 7, 1997 that the action against the Estate was to proceed in Circuit Court. Because Metcalf took no action to prosecute the case from November 7, 1997 until the Estate filed its T.R. 41(E) motion, we hold that the trial court did not abuse its discretion by dismissing Metcalf's claim.

Affirmed.

BAKER, J., concur.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting

Notwithstanding the implication drawn from *Lake County Trust No. 3190 v. Highland Plan Comm'n* (1996) Ind.App., 674 N.E.2d 626, that a dismissal hearing is not required by T.R. 41(E), I would note that in that case the appellant was arguing that "the hearing on dismissal held by the trial court did not meet the requirements of [T.R. 41(E)]." *Id.* at 629. It is therefore clear that, unlike the case before us, a hearing on dismissal was in fact held.

I agree that Metcalf was guilty of inordinate delay in prosecuting his claim in the Montgomery Circuit Court. The most culpable delay occurred when, after the failed telephone conference of August 14, 1998, he made no attempt to reschedule the hearing during the ensuing two months.

However, I read T.R. 41(E) to clearly contemplate that a hearing not only be scheduled, but that it be conducted unless, and *only* unless the plaintiff has, prior to the hearing, been afforded opportunity to demonstrate sufficient good cause for the delay and has in fact done so.

Here, there was never a hearing upon the T.R. 41(E) motion, as required by the rule itself. Therefore, despite Metcalf's delay, I would reverse and remand for further proceedings.