

FILED

Jul 29 2016, 8:44 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Chawknee P. Caruthers
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Chawknee P. Caruthers, *Appellant-Petitioner,* v. State of Indiana, *Appellee-Respondent.* | July 29, 2016 Court of Appeals Case No. 46A04-1512-PC-2194 Appeal from the LaPorte Circuit Court The Honorable Thomas Alevizos, Judge Trial Court Cause No. 46C01-1008-PC-197 |

**Crone, Judge.**

## Statement of the Case

[1] Chawknee P. Caruthers appeals the postconviction court's summary dismissal of his petition for postconviction relief ("PCR"). Caruthers argues that the postconviction court erred when it summarily dismissed his PCR petition for

failure to prosecute without first holding a hearing. We agree that pursuant to Indiana Trial Rule 41(E), the trial court was required to hold a hearing before dismissing his petition. Therefore, we reverse the dismissal of Caruthers's PCR petition and remand for further proceedings.

## Facts and Procedural History

[2] On August 1, 2008, a jury found Caruthers guilty of murder and found him to be a habitual offender. In May 2010, our supreme court affirmed his conviction and habitual offender finding on direct appeal. *Caruthers v. State*, 926 N.E.2d 1016 (Ind. 2010).

[3] On August 27, 2010, Caruthers filed a pro se PCR petition. The State filed an answer and appearance form. In September 2010, a public defender filed an appearance on Caruthers's behalf, and in July 2013, she withdrew her appearance. Caruthers did not take any further action to prosecute his case, the State did not move to dismiss it, and the postconviction court did not schedule a hearing on Caruthers's petition.

[4] On March 19, 2015, the postconviction court issued an order to close the case, which provided as follows:

> The Court, on its own Motion, moves to close the above captioned case. The Court has set a status hearing … for the 8th day of May, 2015, at 3:00 p.m. ….
>
> The purpose of this hearing is for the parties/attorneys herein to advise the Court as to the status of this case and to show cause why this case should not be closed.

> The above case shall be closed on the 8th day of May 2015,
> unless an objection to closing is granted.

Appellant's App. at 19.

[5] On April 6, 2015, Caruthers filed two motions: one for production of documents and one for transcript of partial trial proceedings. On April 13, 2015, the postconviction court issued an "Order Clarifying Status," in which it stated that the case was subject to a May 8, 2015 hearing to dismiss pursuant to Trial Rule 41(E) and that the court would reserve Caruthers's pending motions for the production of documents and for transcript of partial trial proceedings pending the outcome of the May 8, 2015 hearing. *Id*. at 34. The order also advised Caruthers that the Public Defender's Office should have the documents he sought and that he was not precluded from requesting the Public Defender's Office to provide him with copies of the documents.

[6] On April 20, 2015, Caruthers filed a motion/notice of case status "to show cause why [the postconviction court] should not close this case,"[1] in which he stated that (1) because the issues were complex and he is unskilled in the law, he had been familiarizing himself with the postconviction rules for the past year and a half; (2) he was in no way attempting to gain an advantage by stalling the proceedings and due to his lack of skill needed time to investigate and research

---

[1] The motion/notice was entered in the chronological case summary on May 4, 2015. *See* Ind. Trial Rule 77(B) ("Notation of judicial events in the Chronological Case Summary shall be made promptly, and shall set forth the date of the event and briefly define any documents, orders, rulings, or judgments filed or entered in the case.").

in order to prosecute his case; (3) he intended to file an amended PCR petition; (4) he understood the importance of this matter and his responsibility of proceeding pro se; and (5) he brought the motion in good faith with the belief that he had meritorious claims, and for the aforementioned reasons the case should not be closed. *Id*. at 2, 27-29. Caruthers specifically requested the court to not close his case. On April 27, 2015, Caruthers filed a motion for the postconviction court to hold an evidentiary hearing on his PCR petition, and he requested a transport order to attend the hearing. The postconviction court did not rule on these motions.

[7] On May 8, 2015, the postconviction court issued an order dismissing Caruthers's PCR petition along with 106 other cases for failure to prosecute pursuant to Trial Rule 41(E). Although the court's March 19, 2015, order stated that it would hold a hearing, the chronological case summary ("CCS") does not show that the court in fact held that hearing before it dismissed Caruthers's petition.[2] This appeal ensued.

## Discussion and Decision

[8] Caruthers argues that the postconviction court erred in dismissing his PCR petition pursuant to Indiana Trial Rule 41(E) without holding a hearing prior to

---

[2] The State does not contend that the postconviction court actually held a hearing but suggests that because of the large number of cases that were dismissed that day, "it is more than possible that some notations did not make [it] into the CCS on some cases." Appellee's Br. at 11. The CCS is the "official record of the trial court," Indiana Trial Rule 77(B), and it is well settled that "a trial court speaks through its docket." *Young v. State*, 765 N.E.2d 673, 678 n. 6 (Ind. Ct. App. 2002). We will not assume that a hearing was held when it was not entered into the CCS.

dismissal. We will reverse a Trial Rule 41(E) dismissal for failure to prosecute "only for a clear abuse of discretion." *Robertson v. State*, 687 N.E.2d 223, 224 (Ind. Ct. App. 1997), *trans. denied*, (1998). "An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it." *Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Indiana, LLP*, 929 N.E.2d 853, 856 (Ind. Ct. App. 2010).

[9] Indiana Trial Rule 41(E) provides,

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case[3] for a period of sixty [60] days, *the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.* Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

(Emphasis added.)

[10] The purpose of Trial Rule 41(E) is "'to ensure that plaintiffs will diligently pursue their claims'" and to provide "'an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to

---

[3] "Post-conviction proceedings are governed by the same rules 'applicable in civil proceedings including pre-trial and discovery procedures.'" *Wilkes v. State*, 984 N.E.2d 1236, 1251 (Ind. 2013) (quoting Post-Conviction Rule 1(5)).

resolution.'" *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003) (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993)), *trans. denied*. "'The burden of moving the litigation is upon the plaintiff, not the court. It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so.'" *Id*. (quoting *Benton*, 622 N.E.2d at 1006). "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The adverse party] should not be left with a lawsuit hanging over his [or her] head indefinitely.'" *Id*. (quoting *Hill v. Duckworth*, 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997)). "Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Am. Family Ins.*, 929 N.E.2d at 857.

[11] Caruthers argues that Trial Rule 41(E) requires a court to hold a hearing prior to dismissing a case for failure to prosecute. We agree, based on our supreme court's decision in *Rumfelt v. Himes*, 438 N.E.2d 980 (Ind. 1982). In that case, the Rumfelts filed a nuisance claim against multiple defendants. The defendants filed a motion to dismiss for failure to comply with rules pursuant to Trial Rule 41(E). The trial court ordered the Rumfelts to show cause, in writing, why the motion to dismiss should not be granted. The order specifically stated,

> Unless adequate cause is shown pursuant to the foregoing order, the Court will enter an order of dismissal of this action immediately after July 25. If, however, some cause is shown upon which the Court desires hearing whether argumentative or evidentiary, the Court will then set the matter for hearing.

*Id.* at 982. The Rumfelts filed a response to the court's order, averring that they had complied with the court's rules and setting forth reasons why the case should not be dismissed. However, without holding a hearing, the trial court granted the defendants' motion and dismissed the case.

[12] On appeal, the Rumfelts argued that the trial court erred in ruling on the defendants' motion to dismiss without ordering a hearing as required by Rule 41(E). The defendants contended that the Rumfelts' failure to object waived any right to a hearing and that "*no prejudice was demonstrated because [the Rumfelts] responded in writing to the trial court's show cause order.*" *Id.* (emphasis added). Our supreme court rejected the defendants' argument, observing that "[t]he language of Trial Rule 41(E) is explicit: 'the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case.'" *Id.* at 983. The court explained, "'If the failure to obey the clear, explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun.'" *Id.* (quoting *Otte v. Tessman*, 426 N.E.2d 660, 662 (Ind. 1981)). The *Rumfelt* court then discussed the conflict between the hearing requirement of Trial Rule 41(E) and the provision of Trial Rule 73 allowing the trial court to direct the submission and determination of motions without holding an oral hearing. The

*Rumfelt* court noted that a specific rule controls over a general one on the same subject matter and concluded, "Trial Rule 41(E) clearly requires a hearing on a motion to dismiss which controls over Trial Rule 73 allowing the trial court to expedite its business by directing the submission and determination of motions without oral hearing." *Id.* at 983-84. The *Rumfelt* court therefore concluded that the trial court had not satisfied the requirements of Trial Rule 41(E), reversed the trial court's dismissal, and remanded with instructions to order a hearing on the defendants' motion to dismiss in accordance with Trial Rule 41(E).

[13] Justice Prentice, with Justice DeBruler concurring, issued a dissent in *Rumfelt*, in which he specifically disagreed that Trial Rule 41(E) required a trial court *to hold* a hearing. In his view,

> The rule does not require that a hearing be held in open court. It requires the judge to order a hearing for the purpose of dismissing the case and mandates a dismissal, absent a showing of sufficient cause as to why it should not, at or *before* the hearing. The appellees submitted pleadings in opposition to the trial court's proposed action and Defendants' motion to dismiss. The use of the word "before" in the rule contemplates that the trial court will or can dismiss the cause, based upon the submissions of the parties, and without a hearing or oral argument in open court.

*Id.* at 984 (Prentice, J., dissenting). His dissent demonstrates that the *Rumfelt* majority interpreted Trial Rule 41(E) to require that the trial court *hold* a hearing and not merely schedule a hearing. *See also Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 138 n.8 (Ind. Ct. App. 2010) ("Although

the plain language of Rule 41(E) requires that the trial court order a hearing, which the trial court did in this case, the majority decision in *Rumfelt* interprets this language to require the trial court to hold a hearing. This interpretation is emphasized by the *Rumfelt* dissent's disagreement with that interpretation.") (citing *Rumfelt*, 438 N.E.2d at 984), *trans. denied*.

[14]   *Rumfelt* was cited with approval in *Wright v. Miller*, 989 N.E.2d 324 (Ind. 2013), wherein our supreme court stated,

> We note that the trial court did not order *or hold* a hearing to dismiss as required by Trial Rule 41(E). *See Rumfelt*, 438 N.E.2d at 984. Although the absence of a hearing is not determinative in this case, in light of the gravity of the sanction of dismissal, we believe that the hearing required by Trial Rule 41(E) should henceforth likewise *be held* when a case dismissal is sought or contemplated under Trial Rule 37.

*Id*. at 328 n.3 (emphases added). Also, this Court has recognized that Trial Rule 41(E) requires the trial court to hold a hearing prior to dismissal. *See Somerville Auto Transp. Serv., Inc. v. Auto. Fin. Corp.*, 12 N.E.3d 955, 961-63 (Ind. Ct. App. 2014) (holding that Trial Rule 41(E) hearing requirement was not satisfied where parties appeared by counsel for hearing but trial court did not hear their arguments and that trial court was required to hold hearing prior to dismissing case), *trans. denied*, and cases cited therein.[4]

---

[4] *Somerville* involved the defendants' appeal of the trial court's grant of the plaintiff's motion for reinstatement following the Trial Rule 41(E) dismissal of the plaintiff's case and summary judgment in the plaintiff's favor. Although *Somerville* is procedurally different from this case, the issue underlying the

[15]     However, in *Metcalf v. Estate of Hastings*, 726 N.E.2d 372 (Ind. Ct. App. 2000), *trans. denied*, the majority stated that "when the court orders a hearing and notice of the hearing date is sent to the plaintiff, the hearing requirement of T.R. 41(E) is satisfied, regardless of whether the plaintiff or his counsel attends the hearing."[5] *Id.* at 374. We believe that this statement conflicts with *Rumfelt*. In fact, it is arguably overbroad even when applied solely to the specific circumstances of that case. Metcalf brought a personal injury action against the Estate of Hastings. The Estate moved to dismiss pursuant to Trial Rule 41(E) for failure to prosecute. Metcalf requested a pretrial conference. The trial court scheduled a conference and hearing on the 41(E) motion. After a series of continuances granted to both sides, the trial court agreed to conduct the hearing on the motion to dismiss by telephone. The telephone conference was initiated at 1:00 p.m. on the scheduled date, but Metcalf's counsel was unable to reach a telephone until 1:30 p.m. By that time, the trial judge was unavailable to participate in the conference call. Metcalf made no attempt to reschedule the hearing. Sixty days after the date of the scheduled telephone conference, the trial court granted the Estate's Trial Rule 41(E) motion to dismiss.

---

reinstatement of the plaintiff's action in *Somerville*–whether dismissal without holding a hearing was in compliance with Trial Rule 41(E)–is the same.

[5] The denial of transfer does not mean that our supreme court agrees with the Court of Appeals' decision. *See Journal-Gazette Co. v. Bandido's, Inc.*, 712 N.E.2d 446, 481 n.7 (Ind. 1999) ("Because of various factors including the burden of other pending cases, particularly criminal cases for which this Court has exclusive constitutional responsibility, the denial of transfer does not necessarily reflect Supreme Court approval of decisions of the Court of Appeals in which transfer is sought."); Ind. Appellate Rule 58(B) ("The denial of a Petition to Transfer shall have no legal effect other than to terminate the litigation between the parties in the Supreme Court.").

[16]  On appeal, Metcalf argued that the trial court abused its discretion by granting the Trial Rule 41(E) motion to dismiss without holding a hearing. The *Metcalf* majority upheld the dismissal of the case with the following analysis:

> The plain language of T.R. 41(E) requires the trial court to order a hearing once a party has moved to dismiss a case for failure to prosecute. *See Rumfelt*[, 438 N.E.2d at 983]. However, when the court orders a hearing and notice of the hearing date is sent to the plaintiff, the hearing requirement of T.R. 41(E) is satisfied, regardless of whether the plaintiff or his counsel attends the hearing. *Lake County Trust v. Highland Plan Com'n*, 674 N.E.2d 626, 629 (Ind. Ct. App. 1996), *trans. denied* [(1997)].
>
> Here, the court ordered a hearing on the Estate's T.R. 41(E) motion, and Metcalf received notice of that scheduled hearing date. Metcalf's attorney made arrangements to hold the hearing by telephone. However, he was unable to take part in the telephone conference at the time that had been arranged. Despite the attorney's failure to participate in the hearing, *he made no effort to reschedule the hearing*. After sixty days had passed following the date of the scheduled telephone hearing, the trial court entered an order granting the Estate's motion to dismiss.
>
> Metcalf argues that the trial court erred by ruling on the Estate's motion without holding a hearing. However, the trial court ordered a hearing on the T.R. 41(E) motion to dismiss *and Metcalf had an opportunity to respond*; this was sufficient to satisfy the hearing requirement of T.R. 41(E). *See Lake County*, 674 N.E.2d at 629. Therefore, we hold that the trial court did not err by dismissing the case without holding an adversarial hearing.

Id. (emphases added).[6]

[17] In concluding that the trial court did not abuse its discretion in dismissing Metcalf's action, it is significant that the *Metcalf* court considered more than the trial court's simple action of scheduling a hearing and providing notice thereof to the plaintiff. The *Metcalf* court also considered that Metcalf had an opportunity to respond to the motion to dismiss at the teleconference. In other words, the trial court was prepared to hold the telephone conference and would have heard Metcalf's argument had his counsel been present. Simply put, the trial court attempted to hold a hearing. Also, the *Metcalf* court noted that Metcalf made no attempt to reschedule the hearing even though the trial court waited sixty days before it granted the motion to dismiss.

[18] Judge Sullivan dissented in *Metcalf*, opining that Trial Rule 41(E) "clearly contemplate[s] that a hearing not only be scheduled, but that it be conducted unless, and only unless the plaintiff has, prior to the hearing, been afforded opportunity to demonstrate sufficient good cause for the delay and has in fact done so." *Id*. at 374-75 (Sullivan, J. dissenting). We believe that Judge Sullivan's dissent is not only a correct reading of the rule but is also consistent with *Rumfelt*, which we are bound to follow as controlling supreme court

---

[6] We disagree with the *Metcalf* majority that *Lake County*, 674 N.E.2d 626, stands for the proposition that the trial court satisfies the hearing requirement of Trial Rule 41(E) by ordering a hearing and providing notice of the hearing to the plaintiff regardless of whether the plaintiff or his or her counsel attends the hearing. *Lake County* addressed whether a judgment of dismissal was void for lack of notice; it did not actually consider the hearing requirement of Trial Rule 41(E). The *Lake County* court concluded that "the docket entry specifically state[d] that notice was ordered to the attorney of record" and held that the "order of dismissal [was] not void for lack of notice." *Id*. at 629.

precedent. *See Minor v. State*, 36 N.E.3d 1065, 1074 (Ind. Ct. App. 2015) ("'[W]e are bound to follow the precedent of our supreme court.'") (quoting *Smith v. State*, 777 N.E.2d 32, 38 n.2 (Ind. Ct. App. 2002), *trans. denied* (2003)), *trans. denied*.

[19] Here, after the postconviction court issued its March 19, 2015 order to close the case and set a status hearing for May 8, Caruthers filed motions for production of documents and for transcript of partial trial proceedings, which the trial court held in abeyance pending the May 8 hearing. Then, Caruthers responded directly to the March 19, 2015 order with his April 20, 2015 motion/notice of case status to show cause why the case should not be closed. Trial Rule 41(E) does not require the plaintiff to wait until the scheduled hearing to show cause but clearly anticipates that a plaintiff may show cause at or before the hearing. The trial court did not rule on his April 20, 2015 motion to show cause. Caruthers also filed a motion for evidentiary hearing and a request for transport order, which the trial court did not rule on. There were multiple mechanisms that were available to the court to address Caruthers's motions, such as arranging a telephone conference or directing Caruthers to submit his case by affidavit. However, the trial court dismissed his action without holding a hearing as required by Trial Rule 41(E).[7] *See Rumfelt*, 438 N.E.2d at 983. Accordingly, we reverse the postconviction court's summary dismissal of

---

[7] Although there may be circumstances where a trial court's dismissal of an action without first holding a hearing will not constitute reversible error, in this case strict compliance with Trial Rule 41(E)'s hearing requirement is warranted.

Caruthers's PCR action and remand for either a Trial Rule 41(E) hearing or reinstatement of his action.

[20]     Reversed and remanded.

Najam, J., and Robb, J., concur.