## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 23 2017, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jay F. Vermillion
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jay F. Vermillion,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

February 23, 2017

Court of Appeals Case No.
84A04-1604-PC-900

Appeal from the Vigo Superior
Court.
The Honorable John T. Roach III,
Judge.
Cause No. 84D01-1109-PC-3025

## Friedlander, Senior Judge

[1]     Jay Vermillion appeals from the post-conviction court's dismissal of his petition for post-conviction relief, and denial of his motion for relief from judgment. On appeal, Vermillion raises several issues of which we find the following dispositive: whether the post-conviction court abused its discretion by

dismissing his post-conviction relief petition without first holding a hearing. We reverse and remand.

[2] Vermillion was convicted of murder, burglary, auto theft, and dealing in a sawed-off shotgun. On direct appeal, our Supreme Court affirmed his convictions. *See Vermillion v. State*, 719 N.E.2d 1201 (Ind. 1999).

[3] In 2003, Vermillion filed a post-conviction relief (PCR) petition in Vigo Superior Court Division 3 – the court where he was convicted. Under local rules, the petition was transferred to a different court division – Division 1. He filed a motion to withdraw the petition in 2009, which was granted. Vermillion filed another PCR petition in 2011, in the Division 3 court. Again, under local rules, the petition was transferred to the Division 1 court.

[4] On March 7, 2014, the post-conviction court issued an order notifying the parties that Vermillion's PCR petition would be dismissed under Indiana Trial Rule 41(E) if the parties did not appear in court on April 10, 2014. The court dismissed the petition on July 3, 2014, because no action had been taken on the case since April 26, 2012. On August 28, 2014, Vermillion filed a motion to reinstate the petition, alleging he did not receive notice of the March 7th order. The post-conviction court granted the motion.

[5] On September 14, 2015, the court again issued an order notifying the parties that Vermillion's PCR petition would be dismissed under Trial Rule 41(E) if the parties did not appear in court on October 8, 2015, and indicate their desire to continue the matter. An entry was made on the chronological case summary

(CCS) as follows: "Cause set for dismissal hearing under Trial Rule 41E [sic] on 10/8/15 at 11:00 a.m." Appellant's App., Vol. 2, p. 12. Vermillion did not respond and the court dismissed the petition on October 9, 2015. The CCS does not show that the court held the hearing before it dismissed Vermillion's petition.

[6] On October 23, 2015, Vermillion filed a motion to reinstate his petition. The post-conviction court denied the motion on December 4, 2015. On January 25, 2016, Vermillion filed a motion for relief from judgment under Trial Rule 60(B), alleging that because his PCR petition was dismissed by "a judicial officer other than the duly elected or duly appointed judge of the court where [his] convictions took place, said judgment is void." *Id.*, Vol. 3, p. 125. The post-conviction court denied the motion on January 29, 2016. On February 12, 2016, Vermillion filed a motion to correct error, which was deemed denied. Vermillion appeals.

[7] Vermillion argues that the post-conviction court erred in dismissing his PCR petition under Trial Rule 41(E) without holding a hearing prior to dismissal. We will reverse a Trial Rule 41(E) dismissal for failure to prosecute "only for a clear abuse of discretion. An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it." *Caruthers v. State*, 58 N.E.3d 207, 210 (Ind. Ct. App. 2016) (internal citations omitted).

[8] Indiana Trial Rule 41(E) provides:

Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[9] A trial court's authority to dismiss a case pursuant to Trial Rule 41(E) "stems not only from considerations of fairness for defendants, but is also rooted in the administrative discretion necessary for a trial court to effectively conduct its business." *Baker Mach., Inc. v. Superior Canopy Corp.*, 883 N.E.2d 818, 823 (Ind. Ct. App. 2008), *trans. denied.* The purpose of Trial Rule 41(E) is "to ensure that plaintiffs will diligently pursue their claims" and to provide "an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied* (quotation omitted). The plaintiff bears the burden of moving the litigation forward, and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so. *Id.* "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely." *Id.* (quotation omitted). "Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or

dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Indiana, LLP*, 929 N.E.2d 853, 857 (Ind. Ct. App. 2010).

[10] Although the trial court set a hearing under Trial Rule 41(E) on the dismissal of Vermillion's PCR petition, the CCS does not show that the hearing was held. The State argues that "there are circumstances in which a hearing does not need to be held but only scheduled." Appellee's Br. p. 11 (emphasis added).

[11] The Indiana Supreme Court and this Court have held that a court must generally hold a hearing prior to entering an order of dismissal under Trial Rule 41(E). *See Wright v. Miller*, 989 N.E.2d 324, 328 n.3 (Ind. 2013) (citing *Rumfelt v. Himes*, 438 N.E.2d 980, 984 (Ind. 1982)), and providing that "in light of the gravity of the sanction of dismissal, we believe that the hearing required by Trial Rule 41(E) should henceforth likewise be held when a case dismissal is sought or contemplated under Trial Rule 37"); *Rumfelt*, 438 N.E.2d at 983-984 (holding that the trial court's order dismissing the action with prejudice "wholly fail[ed] to comply with the clear dictates of the rule requiring a hearing" and that "Trial Rule 41(E) clearly requires a hearing on a motion to dismiss which controls over Trial Rule 73 allowing the trial court to expedite its business by directing the submission and determination of motions without oral hearing," and remanding with instructions to order a hearing on the motion to dismiss under Rule 41(E)). In *Caruthers*, a panel of this Court found:

Judge Sullivan['s dissent in *Metcalf v. Estate of Hastings*, 726 N.E.2d 372, 374-75 (Ind. Ct. App. 2000) (Sullivan, J. dissenting), *trans. denied*,] opining that Trial Rule 41(E) 'clearly contemplate[s] that a hearing not only be scheduled, but that it be conducted unless, and only unless the plaintiff has, prior to the hearing, been afforded opportunity to demonstrate sufficient good cause for the delay and has in fact done so' . . . is not only a correct reading of [Rule 41(E)] but is also consistent with *Rumfelt*, which we are bound to follow as controlling supreme court precedent.

58 N.E.3d at 214.

[12] We, like the panel in *Caruthers*, are bound by controlling supreme court precedent. The post-conviction court dismissed Vermillion's action without holding a hearing as required by Trial Rule 41(E). We reverse the court's dismissal of Vermillion's PCR petition and remand for either a Trial Rule 41(E) hearing or reinstatement of his action.

[13] In the interest of judicial economy, we address Vermillion's issue of whether the post-conviction court erred in denying his Trial Rule 60(B) motion on the ground that the court's dismissal of his PCR petition is void because the Vigo Superior Court Division 1 lacked jurisdiction over his petition. Vermillion's argument appears to be that the court in which he originally was convicted, Vigo Superior Court Division 3, was the only court with jurisdiction to rule on his PCR petition. Vermillion's claim is without merit.

[14] Vermillion's PCR petition was <u>filed</u> in the superior court in which he was convicted. *See* Ind. Post-Conviction Rule 1(2) (a person who claims relief under

this rule must file a verified petition with clerk of court in which conviction took place). Under local rules, that court transferred the matter to a different superior court division. Rule LR84-CR2.2-2(D) of the Local Rules of Practice and Procedure for the Vigo County Superior and Circuit Courts states, "[a] judge of the Circuit [or] Superior Courts, by appropriate order entered in the record of judgments and orders, may transfer and reassign a case to any other court of record in the county with jurisdiction to hear the charged offense subject to acceptance by the receiving court." Indiana Code section 33-29-1-1.5 (2011) provides that all superior courts have original and concurrent jurisdiction in all civil cases and in all criminal cases. The Division 1 court has jurisdiction over Vermillion's PCR petition. No error occurred here.

[15] Finally, Vermillion has filed a "Verified Motion for Judicial Notice," asking this Court to take judicial notice of those parts of the record from his underlying criminal case and his direct appeal that he references in his brief, since he did not have the opportunity to make the record a part of his post-conviction proceedings. The State has not filed a motion in response. Effective January 1, 2010, amended Indiana Rule of Evidence 201(b)(5) permits courts to take judicial notice of "records of a court of this state." We decline to do so here because the record from Vermillion's trial and direct appeal are not necessary to the determination of the issues before us. By separate order issued contemporaneously with this opinion, we deny Vermillion's motion to take judicial notice.

[16] Reversed and remanded.

Baker, J., and Kirsch, J., concur.