## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2018, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Lemuel Stigler
Rodriguez Chargualaf & Associates
Merrillville, Indiana

Barbara A. Bolling
Gary, Indiana

ATTORNEY FOR APPELLEE

Lori V. Gillis
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Melvin Morris,

*Appellant-Plaintiff,*

v.

Robert Dawson,

*Appellee-Defendant.*

February 27, 2018

Court of Appeals Cause No.
45A04-1708-PL-1884

Appeal from the Lake Superior
Court

The Honorable Bruce D. Parent,
Judge

Trial Court Cause No. 45D04-1207-
PL-66

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Melvin Morris (Morris), appeals the trial court's denial of his motion to reinstate his previously-dismissed case against Appellee-Defendant, Robert Dawson (Dawson).

We affirm.

# ISSUES

Morris presents three issues on appeal, two of which we find dispositive and which we restate as:

(1) Whether the trial court abused its discretion by dismissing his complaint without first conducting a hearing pursuant to Indiana Trial Rule 41(E); and

(2) Whether the trial court misapplied the law when it denied Morris' motion to reinstate his complaint.

# FACTS AND PROCEDURAL HISTORY

Morris and Dawson are cousins and, for a long time, have been joint partners in several business enterprises. On July 3, 2012, Morris filed a Complaint for Breach of Fiduciary Duty. In his Complaint, Morris alleged that on June 9, 1992, he executed a power of attorney form naming Dawson "as his attorney-in-fact authorizing him to act on his behalf with respect to the business and his personal affairs." (Appellant's App. Vol. I, p. 4). Morris claimed that he had

been away from the operations of the joint enterprises he had with Dawson between 1992 and 2003 and, during that time, Dawson had breached his fiduciary duty by failing to give him an accounting of all the transactions conducted in his absence. On September 10, 2012, Dawson filed his answer denying all of Morris' allegations, and he alleged that Morris' accounting claim was statutorily barred by time.

[5] On February 7, 2013, Dawson filed a Motion for Judgment on the Pleadings, claiming that Morris' accounting claim was time-barred pursuant to Indiana Code section 30-5-6-4 (providing that an attorney-in-fact shall keep complete records of all transactions entered into by the attorney on behalf of the principal for six years after the date of the transaction). As such, Dawson alleged that Morris' accounting claim for the period between "1992-2003 is clearly outside the six-year time frame specified in I.C. [§] 30-5-6-4." (Appellant's App. Vol. I, p. 8). On May 16, 2013, Morris filed his response. On June 13, 2013, the trial court conducted a hearing on Dawson's Motion for Judgment on the Pleadings, but that motion was denied.

[6] On July 30, 2014, the trial court ordered the parties to enter into mediation. On October 24, 2014, the mediator filed his report with the trial court stating that the parties could not reach an agreement. On May 4, 2015, the trial court set the matter for a dismissal hearing on June 8, 2015, at 9:30 a.m. based on a failure to prosecute a case pursuant to Indiana Trial Rule 41(E). Because

Morris failed to appear for the dismissal hearing, the trial court struck Morris' complaint with prejudice.[1]

[7]    On May 24, 2017, Morris filed a motion to reinstate his complaint, and on June 15, 2017, Dawson responded. On June 19, 2017, the trial court conducted a hearing on Morris' motion, but denied the motion. The next day, on June 20, 2017, the trial court issued a corrective order based on a clerical error, but it maintained its denial on Morris' motion to reinstate his compliant. On the same day, Morris filed a motion for reconsideration. Because the trial court's order denying Morris' motion to reinstate was a final order, the trial court treated Morris' motion for reconsideration as a motion to correct error. On July 24, 2014, the trial court issued an order denying Morris' motion to correct error.

[8]    Morris now appeals. Additional facts will be provided as necessary.

---

[1] In the accompanying docket entry made in the CCS on June 8, 2015, it states that the dismissal of Morris' complaint was without prejudice; however, the record makes us believe that this is clerical error made by the computer department since the trial court's order indicates otherwise, *i.e.,* the dismissal was with prejudice. *See Sarna v. Norcen Bank*, 530 N.E.2d 113, 115 (Ind. Ct. App. 1988), (stating that a "clerical error" has been defined as a mistake by a clerk, counsel, judge or printer which is not a result of judicial function and cannot reasonably be attributed to the exercise of judicial consideration or discretion.) *trans. denied.*

# DISCUSSION AND DECISION

## I. *Indiana Trial Rule 41(E) Hearing Requirement*

[9] Morris alleges that the trial court abused its discretion by dismissing his complaint pursuant to Indiana Trial Rule 41(E) without first holding a hearing. We will reverse a Trial Rule 41(E) dismissal for failure to prosecute "only for a clear abuse of discretion." *Robertson v. State*, 687 N.E.2d 223, 224 (Ind. Ct. App. 1997), *trans. denied*. "An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it." *Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Indiana, LLP*, 929 N.E.2d 853, 856 (Ind. Ct. App. 2010).

[10] Indiana Trial Rule 41(E) provides,

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, *the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.* Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

(emphasis added).

[11] A trial court's authority to dismiss a case pursuant to Trial Rule 41(E) "stems not only from considerations of fairness for defendants, but is also rooted in the

administrative discretion necessary for a trial court to effectively conduct its business." *Baker Mach., Inc. v. Superior Canopy Corp.*, 883 N.E.2d 818, 823 (Ind. Ct. App. 2008), *trans. denied*. The purpose of Trial Rule 41(E) is "to ensure that plaintiffs will diligently pursue their claims" and to provide "an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. The plaintiff bears the burden of moving the litigation forward, and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so. *Id*. "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely." *Id*. "Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Am. Family Ins. Co. ex rel. Shafer*, 929 N.E.2d at 857.

[12] Following the initiation of the lawsuit by Morris in July of 2012, Dawson filed an answer in September of 2012. In February of 2013, Dawson filed a motion for judgment on the pleadings, but was denied. There is some history of trial court's intervention in 2014 to help move the case along, that is, the trial court's appointment of a mediator, and the parties' subsequent engagement in mediation. In October of 2014, the mediator filed his report with the trial court,

indicating that the parties could not reach an agreement. The CCS does not reveal any activity between October of 2014 and May of 2015. The CCS further shows that on May 4, 2014, the trial court set the cause for a dismissal hearing pursuant to Indiana Trial Rule 41(E). At the scheduled dismissal hearing on June 8, 2015, neither party appeared. The same day, the trial court dismissed Morris' complaint with prejudice pursuant to Indiana Trial Rule 41(E).

[13]   Morris argues that Trial Rule 41(E) requires a trial court to hold a hearing prior to dismissing a case. In support, Morris states that his case is analogous to *Rumfelt v. Himes*, 438 N.E.2d 980 (Ind. 1982), where our supreme court held that the trial court erred when it failed to order a hearing as required by Indiana Trial Rule 41(E) and, instead, directed the plaintiff to make a written submission showing cause why dismissal should not be granted. Here, the trial court scheduled a dismissal hearing as required by Trial Rule 41(E), but Morris failed to attend. Therefore, we find *Rumfelt* inapposite, and find *Metcalf v. Estate of Hastings*, 726 N.E.2d 372 (Ind. Ct. App. 2000), *trans. denied*, more fitting to the facts at hand.

[14]   In *Metcalf*, the trial court ordered a telephonic dismissal hearing and directed the plaintiff's counsel to initiate the conference call at 1:00 p.m. on the date of the hearing. *Id*. at 373. The plaintiff's attorney, however, was unable to reach a telephone until around 1:30 p.m., at which time the trial court was unavailable. *Id*. At some point thereafter, the trial court granted the defendant's Trial Rule 41(E) motion to dismiss for failure to prosecute. *Id*. On appeal, Metcalf argued

that the trial court erred by granting the motion without holding a hearing. *Id*. We disagreed, explaining that

> [t]he plain language of T.R. 41(E) requires the trial court to order a hearing once a party has moved to dismiss a case for failure to prosecute. However, when the court orders a hearing and notice of the hearing date is sent to the plaintiff, the hearing requirement of T.R. 41(E) is satisfied, regardless of whether the plaintiff or his counsel attends the hearing.
>
> * * *
>
> Metcalf argues that the trial court erred by ruling on the Estate's motion without holding a hearing. However, the trial court ordered a hearing on the T.R. 41(E) motion to dismiss and Metcalf had an opportunity to respond; this was sufficient to satisfy the hearing requirement of T.R. 41(E). Therefore, we hold that the trial court did not err by dismissing the case without holding an adversarial hearing.

*Id.* at 374. (internal citations omitted). The hearing requirement of Trial Rule 41(E) was similarly satisfied in the case at hand, and the trial court did not err when it dismissed Morris' complaint.

## II. *Motion to Reinstate*

[15] Next, Morris contends that the trial court misapplied the law in its order denying his motion to reinstate his case. When the only allegation of error is that the trial court misapplied the law, our task on review is to correctly apply the law to the undisputed facts. *Coplen v. Omni Restaurants, Inc.*, 636 N.E.2d 1285, 1286 (Ind. Ct. App. 1994). However, the trial court has the authority to

fashion a remedy to cure whatever injustice has occurred and to give other just and equitable relief. *Board of Sch. Trustees of Baugo Community Sch. v. Indiana Educ. Employment Relations Bd.*, 412 N.E.2d 807, 810-11 (Ind. Ct. App. 1980).

[16] Morris argues that the dismissal of his case was without prejudice, and the applicable statute to set aside that dismissal order and to determine his motion to reinstate his case should have been Indiana Trial Rule 41(F), instead of Indiana Trial Rule 60(B) which governs dismissals of cases with prejudice.

[17] Indiana Trial Rule 41(F) limits the ability of a trial court to grant reinstatement of a dismissed complaint and provides:

> For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

[18] Indiana Trial Rule 60(B) provides in pertinent part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error ...
>
> (3) fraud . . .

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

(5) except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that (a) at the time of the action he was an infant or incompetent person . . .

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4) . . .

A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

[19]     In the order dismissing Morris' case, the trial court stated

PLAINTIFF(S) FAILED TO APPEAR FOR THE HEARING OR TO SHOW CAUSE WHY THIS MATTER SHOULD CONTINUE TO PEND.  THE COURT NOW ORDERS THIS CAUSE OF ACTION DISMISSED PURSUANT TO TRIAL RULE 41 (E).

(Appellee's App. Vol. II, p. 9). Notably, this order does not state whether the dismissal was with or without prejudice. However, in the accompanying CCS entry made on June 8, 2015, the trial court noted that the dismissal of Morris' cause of action was without prejudice.

[20] This court has stated that "unless the trial court indicates that the dismissal [under Trial Rule 41(E)] is without prejudice, it must be deemed to be with prejudice." *Brimhall v. Brewster*, 835 N.E.2d 593, 596-597 (Ind. Ct. App. 2005), *trans. denied*. *See also* Ind. Trial Rule 41(B) (providing that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under . . . subdivision (E) . . . operates as an adjudication upon the merits"). Accordingly, the trial court's dismissal of Morris's case on June 8, 2015, was with prejudice.

[21] In the order denying Morris' motion to reinstate, the trial court correctly noted that "Trial Rule 41(F), in *pertinent part*, states that a dismissal with prejudice may be set aside for the grounds and in accordance with Trial Rule 60(B)." (Appellant's App. Vol. II, p. 32). The trial court then reiterated the component of Trial Rule 60(B) which demands that a party seeking reinstatement of their case must demonstrate a meritorious claim. In its analysis, the trial court concluded that Morris had not established a meritorious claim. Under the circumstances, we cannot hold that the trial court misapplied the law in determining whether to grant or deny Morris' motion reinstate his case.

# CONCLUSION

In sum, we conclude the hearing requirement of Trial Rule 41(E) was satisfied prior to the dismissal of Morris' complaint. Also, because the dismissal of Morris' case was with prejudice, the trial court properly applied Trial Rule 60(B) in the disposition of Morris' motion to reinstate his case.

Affirmed.

Baker, J. and Brown, J. concur